UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALDA T. JOHNSON, Plaintiff )<br>)<br>)<br>v.                                                    )<br>)<br>ELAINE CHAO, Defendant,              )<br>Chairwoman                              )<br>    And                                        )<br>)<br>BRADLEY BELT, or                      )<br>Vincent Snowbarger, Acting Exec. Director )<br>Pension Benefit Guaranty Corporation )<br>1200 K Street, N.W.                       )<br>Washington, D.C. 20005-4026        )<br>(202) 326 – 4100                           )<br>)<br>    Defendants                              )<br>) | Case No. 1:06CV00399 (ESH)<br><br>RECEIVED<br><br>AUG 9 – 2006<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**MOTION OF PLAINTIFF JOHNSON TO COURT TO INCLUDE ALL CLAIMS IN COMPLAINT AS ALL ADMINISTRATIVE TIME PERIODS HAVE NOW BEEN PROPERLY EXHAUSTED.**

I, Valda T. Johnson, pro se, hereby declare that in the complaint filed earlier this year that the agency may question if certain claims are properly before the Court. The complaint included charges based on continuing violations and reprisal. However, to ensure proper review of issues, plaintiff moves to amend the complaint to include all claims (specifically Formal Complaint 06-03) so stated as now all administrative deadlines have been exhausted, and plaintiff has not agreed to any extensions.

Plaintiff does agree with Your Honor's statements that people should spend more time building relationship rather than litigating and fighting. Just now, as the plaintiff has taken a new position (Actuarial Technical Expert – TPD3), efforts have been made

sometimes on daily basis to undermine her efforts to succeed. PBGC and NAGE may be on good behavior while thee is someone watching from the outside, but PBGC does very little to prevent reprisal in the workplace. (In 2001, C. Calvin was the immediate supervisor over Plaintiff. She was NAMED in a complaint by Plaintiff as working with Labor Officials in HRD to manipulate and interfere with plaintiff's work. Applewhaite's decision confirmed it. C. Calvin left the agency shortly after that. K.Vandruff was the technical expert in the division and worked closely C. Calvin to undermine Plaintiff's success as an actuary. He and C. Calvin, in fact, relayed to the chief Actuary that Plaintiff refused to mentor a white female, E. Owens. This was not true. The truth was that K. Vandruff refused to keep appointments and help mentor the newest African American female, Nicole Williams, and he refused to review my work for an entire fiscal year. Nevertheless, the Chief Actuary confronted Plaintiff with this and berated her. Nicole Williams discussed these issues with me, while I was Union president. However, she was later promoted to keep her silence on the issue. Later, the Chief Actuary worked with Labor Officials in HRD to deny plaintiffs promotions and spoke against the plaintiff's Labor and EEO activity.) Within the hour of plaintiff's acceptance of new position as the Actuarial Technical Expert in March of 2006, her immediate supervisor (who had presented her with an unsigned letter of Counsel) was put over her again as the 2nd level supervisor, and E. Owens was put into place as the actuarial team leader. Plaintiff applied for both the Technical Expert position, and the team leader position, as did Owens – as both positions were posted as the same time. Both Plaintiff and Owens were selected to the Technical Expert position in different divisions. However, after being selected as Technical Expert in TP6, Owens chose to take the position as team

leader and has proceeded to try to take away job enhancing duties of the plaintiff., though E. Owens had been hired in the division that both she and plaintiff had left as an Actuarial Technical Expert for that group, TPD6. Plaintiff was informed by the Department/Agency that the team leader positions did not cover the actuarial technical work, and that there would be no future actuarial team leaders – simply team leaders. However, within two weeks of Plaintiff's selection, E. Owens was selected and announced as the Actuarial Team leader. Plaintiff has had to file additional EEO complaints to preserve her duties and to get a copy of her sf-50, but E. Owens continues.

Plaintiff is, therefore, willing to hold case in abeyance until April of 2007 so that she and the Court can see if PBGC acts in good faith to settle the issues by finally granting the promotion. If this case has been reassigned to a new judge, plaintiff needs to be notified by mail.

                                                                         Respectfully submitted,

August _1_, 2006                                             *Valda T. Johnson*
                                                                          VALDA T. JOHNSON, *Pro Se*
                                                                           3600 Tupelo Court
                                                                           Woodbridge, Virginia 22192
                                                                           **(703) 590-1137**

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing Plaintiff Valda Johnson's, Motions to the court were served by __1st class__ mail on August __7__, 2006, to:

>Kenneth Wainstein
>Judiciary Center Building USA
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>
>Alberto Gonzalez
>950 Pennsylvania Ave., N.W.
>Washington, D.C. 20530-0001
>
>Elaine Chao
>Department of Labor
>Frances Perkins Building
>200 Constitution Ave., N.W.
>Washington, D.C. 20210
>
>Vince Snowbarger
>Acting Executive Director, PBGC
>1200 K. Street, N.W.
>Washington, D.C. 20005-4026

_____
VALDA T. JOHNSON, *Pro Se*
3600 Tupelo Court
Woodbridge, Virginia 22192
**(703) 590-1137**