# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VALDA JOHNSON | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1: 06CV00399 (EGS) |
| v. | ) | |
| | ) | |
| ELAINE L.CHAO, Secretary of Labor, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| BRADLEY D. BELT, Executive | ) | |
| Director, Pension Benefit | ) | |
| Guaranty Corporation | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ANSWER TO COMPLAINT

Defendants Elaine L. Chao, Secretary of Labor, and Vincent K. Snowbarger, Interim Director of the Pension Benefit Guaranty Corporation ("PBGC"), (together "Defendant"), through counsel, hereby answer the Complaint filed by Plaintiff Valda Johnson, as follows:

### First Defense

Plaintiff fails to state a claim against the Defendant upon which relief can be granted.

### Second Defense

Plaintiff has failed to exhaust her administrative remedies as required by law.

### Third Defense

Defendant's actions with respect to the claims asserted in the Complaint were in full compliance with applicable law and regulations.

<u>Fourth Defense</u>

The Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

<u>Fifth Defense</u>

Even if Plaintiff's allegations were true, they would not amount to a hostile work

environment or a claim cognizable under *Brown v. Brody,* 199 F.3d 446 (D.C. Cir.1999).

<u>Sixth Defense</u>

Plaintiff's claims are barred by the applicable statutes of limitations.

<u>Seventh Defense</u>

Plaintiff's claims are barred by the sovereign immunity of the United States.

<u>Eighth Defense</u>

Defendant's statements regarding the Plaintiff are true, or at the least, Defendant's

opinions.

<u>Ninth Defense</u>

Plaintiff has entered into agreements with the Defendant settling her claims.

<u>Tenth Defense</u>

Plaintiff has waived her rights to challenge Defendant's actions by virtue of the National

Association of Government Employees ("NAGE") Local R7-88, and by agreeing to submit her

claims to binding arbitration.

Defendant responds to the numbered paragraphs Plaintiff's Complaint as follows:

**<u>Introduction</u>**

1.      Paragraph 1 of the Complaint states conclusions of law, which require no response. To the

extent a response is required, the allegations are denied.

2

**Jurisdiction**

2.      Paragraph 2 contains Plaintiff's jurisdictional statements, which Defendant denies.

**Venue**

3.      Defendant admits that the factual predicate for this matter occurred within the District of Columbia.

**Parties**

4.      Defendant admits the allegations contained in Paragraph 4.

5.      Defendant admits the allegations contained in Paragraph 5, except that Bradley Belt, who was PBGC's Executive Director (the head of the agency), has been replaced since the filing of the complaint by Vincent K. Snowbarger, who is now Interim Director in accordance with section 411(d) of the Pension Protection Act of 2006, Pub. L. No. 109-280 (Aug. 17, 2006).

**Statement of Facts**

6.      Defendant admits that Plaintiff is an African-American female, employed as a GS-1510-13 actuary in PBGC's Benefits Administration and Payment Department ("BAPD") and that Plaintiff held actuarial positions in BAPD's predecessor organization, the PBGC's  Insurance Operations Department, Trusteeship Divisions 3 and 6.  Defendant admits Plaintiff  has been at this grade level since October of 1997 and has been rated Outstanding for the last five years. Defendant admits that Plaintiff, for a time, served as the President of the NAGE Local R3-77 prior to the Local's trusteeship and her suspension from the Union for misconduct.  Plaintiff's claims against PBGC speak for themselves.   Defendant is without information sufficient to admit or deny Plaintiff's claim with regard to her representational duties as Union President.  Defendant denies the remainder of Paragraph 6.

7.      Defendant admits that Plaintiff's employment application reflects the information alleged

3

in Paragraph 7 regarding her education and prior working experience before working for PBGC.

Defendant is without information sufficient to admit or deny Plaintiff's allegations characterizing

her credentials as an actuary, the reputation of her former employers, or her prior work

experience.

8.      Defendant admits, subject to Defendant's Answer to Paragraph 6.  Defendant denies any

involvement in Plaintiff's suspension from the union, and notes that Plaintiff's allegations of bad

faith and acquiescence were rejected by Judge Ellen Segal Huvelle's.  See Memorandum Opinion

in *Johnson v. Holway*, No. 03-2513 (D.D.C., *slip op.* dated July 21, 2006).

9.      Defendant admits that Plaintiff filed on behalf of Union members an institutional grievance

against PBGC and that the grievance was addressed in an arbitration.  Defendant denies sentence

2 of paragraph 9.  Defendant admits Plaintiff was in EEO counseling, but is without information

sufficient to admit or deny Plaintiff's allegations in sentences 3-7 of paragraph 9 regarding

Plaintiff's reasons for pursuing the institutional grievance.  Defendant further denies Plaintiff was

"retaliated against" or was "ostracized and denied promotions."  Defendant admits Plaintiff met

with PBGC's then Chief Management Officer ("CMO"), but is without information sufficient to

admit or deny Plaintiff's allegations concerning the content of the discussions in the meeting

discussed in sentences 8-10 of complaint paragraph 9.  Defendant is without information

sufficient to admit or deny Plaintiff's allegations in sentences 10-20 of paragraph 9, but denies

that PBGC retaliated, discriminated, or acquiesced with the National NAGE Union against

Plaintiff to destroy Plaintiff's career opportunities, her mental stability, opportunities for justice

and/or  ruin her reputation in violation of Title VII of the Civil Rights Act.  Defendant admits

Joseph Grant was EEO director after John Seal, but is without information sufficient to admit or

deny Plaintiff's allegations in sentences 21-30 regarding minorities, alleged PBGC "studies,"

Plaintiff's mental or physical health, or issues related to Plaintiff's family.  Defendant denies the remainder of Paragraph 9.

10.    Defendant admits that Plaintiff filed suit in the U.S. District Court for the District of Columbia in October, 2004, case no. 1:04CV01848, and appended a copy of that complaint to the instant Complaint.  Defendant admits that Plaintiff has received adverse rulings from the EEOC, the latest on December 8, 2005.  The remainder of Paragraph 10 states conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.

11.    Defendant admits that Plaintiff applied for one or more positions and was not selected for those positions.  Defendant admits that Plaintiff took medical leaves of absence, but denies the balance of Paragraph 11.

12.    Defendant admits that on February 1, 2006, PBGC's then EEO Director, Vincent K. Snowbarger, issued a final agency decision finding that Plaintiff had not been subjected to discrimination or a hostile work environment as alleged in her formal complaints, PBGC Formal Complaint Nos. 04-09 and 04-10.  Defendant further states that the final agency decision speaks for itself with regard to Plaintiff's allegations concerning the decision's content and Plaintiff's conclusions of law which require no response.  Defendant is without information sufficient to admit or deny Plaintiff's allegations with regard to PBGC employee, Dwayne Jeffers, including any conversations Plaintiff may have had with Mr. Jeffers.  Subject to Defendant's responses to Paragraphs 9-11 of the Plaintiff's Complaint, Defendant denies the remainder of Paragraph 12.

## Statement of Claims

### Discrimination and Retaliation

13.    Defendant incorporates its responses to Paragraphs 6-12.  Defendant denies that it discriminated or retaliated against Plaintiff.

5

14.     Paragraph 14 states conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.

15.     Paragraph 15 states conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

16.     Paragraph 16 states conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

**Defamation**

17.     Defendant denies the allegations contained in this paragraph.

18.     Paragraph 18 states conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

**Deprivation of Constitutional Rights to Free Speech, Association, Assembly, Petition, Due Process and Equal Protection**

19.     Paragraph 19 states conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

### Prayer for Relief

The allegations contained in paragraphs 19(a) through 19(g) constitute plaintiff's prayer for relief and require no answer.  To the extent an answer is deemed required, Defendant denies the allegations.

### Jury Demand

Plaintiff has demanded a trial by jury in the instant case.  Plaintiff is not entitled to a jury trial on any claim alleging negligence on the part of the Defendant, including defamation.

Defendant hereby denies each and every allegation of the Complaint not otherwise specifically admitted herein to be true.

6

WHEREFORE, having fully answered, Defendant respectfully requests this Court to deny plaintiff all relief requested, dismiss this action with prejudice, grant defendant its attorneys fees and costs, and award Defendant all such other and further relief as may be appropriate.

Respectfully Submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530
Tel:  (202) 307-0338
Fax: (202) 514-8780