## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VALDA JOHNSON | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1: 06CV00399 (EGS) |
| v. | ) | |
| | ) | |
| ELAINE L.CHAO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to the Court's order, and pursuant toLCvR 16.3, *pro se* Plaintiff and counsel for

the Defendants conferred by e-mail on September 19, 2006 and September 20, 2006, and by

telephone on September 21, 2006. Based on this conference, the parties hereby report to the

Court as follows:

1.   Plaintiff's Statement of the Case

Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as

amended by the Equal Employment Opportunity Act of 1972 ("EEOA), 42 U.S.C. $$ 2000e seq.,

and as further amended by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. $ 1982a, to

remedy alleged acts of discrimination in PBGC's employment practices against Plaintiff because

of her color (Black), race (African and Native American), religion (Baptist), and in retaliation for

having engaged previously in protect civil rights activity as the Union President, and personally.

The claims involve allegations of a hostile work environment where Plaintiff has had her work

manipulated, was denied important work benefits such as flexiplace for accommodations in

TPD6, was subject to racial and religious slurs, blackballing, public defamation and humiliation

and has had work relationships (with federal and contract staff) sabotaged. Plaintiff claims that

PBGC retaliated against her for past EEO activities by denying her more than twenty promotions

and using political connections to prevent arbitrations from being completed – causing her to

suffer mentally and causing her economic loss.

Defendants' Statement of the Case

Defendants denies the allegations that plaintiff was subjected to any form of

discrimination, including sex, race or "religious discrimination," or retaliation. Defendants deny

that the alleged incidents of discrimination and retaliation actually occurred.

As regards the topics set out in Local Rule 16, the parties state as follows:

1.    Status of Dispositive Motions: Plaintiff believes that, at this juncture, it is premature to

discuss dispositive motion as the plantiff believes that the Court should permit this matter

to be submitted to mediation, prior to the commencement of discovery.

Defendants believe that this action may be resolved by dispositive motion following

discovery.

2.    Amended Pleadings: The Defendants do not anticipate that it will be necessary to join

third parties or amend the pleadings. Plaintiff reserves the right to add parties.

3.    Assignment to Magistrate Judge: Plaintiff consents to the assignment of this case

to a Magistrate Judge for purposes of mediation. Defendants do not consent to the

assignment of this case to a Magistrate Judge; they prefer to remain on the present

calendar for all purposes.

4.     Settlement Possibility: Plaintiff is open to the options of mediation.

Defendant spent considerable effort trying to settle with Plaintiff in a mediation proceeding before Judge John Facciola from July, 2005 to April, 2006. Plaintiff turned down all of Defendant's settlement offers. Defendant therefore believes further mediation would not be productive unless plaintiff is prepared to represent to the Court that she will consider a settlement which would result in her leaving the agency, and with a monetary award which is in line with Defendant's prior offers.

5.     Alternative Dispute Procedures: Plaintiff request mediation. Mediation provided close results last time – goals were almost met. Defendants believes that Alternative Dispute Resolution would not be beneficial.

6.     Summary Judgment, Dispositive Motions: Plaintiff believes that, at this juncture, it is premature to discuss dispositive motion as the plantiff believes that the Court should permit this matter to be submitted to mediation, prior to the commencement of discovery. Defendants believe that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition.

7.     Initial Disclosures: Plaintiff wishes that if parties are unable to reach settlement during mediation, then the provisions of Rule 26 shall commence to take effect. Defendants wish to dispense with initial disclosures.

8.     Discovery: The Defendants request 180 days to complete discovery. Plaintiff requests

270 days to complete discovery as some witness have retired and it may be difficult to

locate them. However, in view of parties desire to try to resolve this dispute through

mediation (see parts 4 and 5 above), plaintiff ask the Court to stay discovery to allow

them to engage in mediation with the assistance of a Magistrate Judge. The parties agree

to limit the number of depositions to 10 per side. Defendants request that interrogatories

be limited to 25 per side, pursuant to Fed. R. Civ. P. 33(a). Plaintiff requests 40

interrogatories per side because the claims involve multiple promotions. Due to sensitive

personal and/or medical information that may be exchanged, the parties may seek a

protective order.

9.     Experts: Plaintiff does anticipate the use of expert testimony and that deposition of all of

experts occur following the completion of all other discovery. The defendants believe that

the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.

10.     Class Action Procedures: Plaintiff reserves right to amend for class if necessary.

Defendants believe this is not applicable.

11.     Bifurcation of Discovery or Trial: The parties do not propose at this time that this case be

bifurcated into an entitlement phase and a damages phase.

12.     Proposed Date For The Pretrial Conference: Plaintiff requests that the Court set a

pretrial date after mediation and after the resolution of dispositive motions. Defendants

request that a pretrial conference be scheduled once the Court has resolved Defendants'

anticipated post-discovery motion for summary judgment.

13.  _____ Trial Date: The parties agree that a trial date should be set at the pretrial conference.

14.  _____ Other Matters: There are no related cases pending before this Court at this time.


Respectfully submitted,                          Respectfully submitted,



  /s/ with permission by KLM                          _____ /s/
Valda Johnson                                    Kenneth L. Wainstein
Pro Se Plaintiff                                 D.C. Bar No. 451058
                                                 UNITED STATES ATTORNEY


                                                 _____ /s/
                                                 Rudolph Contreras
                                                 D.C. Bar No. 434122
                                                 Assistant United States Attorney


                                                 _____ /s/
                                                 Karen L. Melnik
                                                 D.C. Bar No. 466452
                                                 Assistant United States Attorney
                                                 555 Fourth Street, N.W., E-4112
                                                 Washington, D.C.  20530
                                                 Tel. (202) 307-0338
                                                 Fax (202) 514-8780

                                                 Attorneys for Defendants