RECEIVED
SEP 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALDA T. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-399 (EGS) |
| ) | |
| ELAINE CHAO, ) | |
| Secretary of Labor, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to the Court's order, and pursuant to LCvR 16.3, *pro se* Plaintiff and counsel for the Defendants conferred by e-mail on September 19, 2006 and September 20, 2006, and by telephone on September 21. Based on this conference, the parties hereby report to the Court as follows:

Plaintiff's Statement of the Case

Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 ("EEOA), 42 U.S.C. $$ 2000e seq., and as further amended by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. $ 1982a, to remedy alleged acts of discrimination in PBGC's employment practices against Plaintiff because of her color (Black), race (African and Native American), religion (Baptist), and in retaliation for having engaged previously in protect civil rights activity as the Union President, and personally. The claims involve allegations of a hostile work environment where Plaintiff has had her work manipulated, was denied

-1-

important work benefits such as flexiplace for accommodations in TPD6, was subject to racial and religious slurs, blackballing, public defamation and humiliation and has had work relationships (with federal and contract staff) sabotaged. Plaintiff claims that PBGC retaliated against her for past EEO activities by denying her more than twenty promotions and using political connections to prevent arbitrations from being completed – causing her to suffer mentally and causing her economic loss.

Defendants' Statement of the Case

      Defendants denies the allegations that plaintiff was subjected to any form of discrimination, including sex, race or "religious discrimination," or retaliation. Defendants deny that the alleged incidents of discrimination and retaliation actually occurred.

As regards the topics set out in Local Rule 16, the parties state as follows:

1.     Status of Dispositive Motions: Plaintiff believes that, at this juncture, it is premature to discuss dispositive motion as the plantiff believes that the Court should permit this matter to be submitted to mediation, prior to the commencement of discovery.
Defendants believe that this action may be resolved by dispositive motion following discovery.

2.     Amended Pleadings: The Defendants do not anticipate that it will be necessary to join third parties or amend the pleadings. Plaintiff reserves the right to add parties.

3.     Assignment to Magistrate Judge: Plaintiff consents to the assignment of this case to a Magistrate Judge for purposes of mediation. Defendants do not consent to the

assignment of this case to a Magistrate Judge; they prefer to remain on the present calendar for all purposes.

4. <u>Settlement Possibility</u>: Plaintiff is open to the options of mediation. Defendants do not believe there is a possibility of settlement in this case.

5. <u>Alternative Dispute Procedures</u>: Plaintiff request mediation. Mediation provided close results last time – goals were almost met. Based on telephone conversation, attorney Melnik stated defendants were happy to hear that Plaintiff was interested in mediation, and that defendants are only interested in settlement that would require Plaintiff to leave the Agency and only for sums along the line offered previously. Plaintiff is open to all options of settlement.

6. <u>Summary Judgment, Dispositive Motions</u>: Plaintiff believes that, at this juncture, it is premature to discuss dispositive motion as the plantiff believes that the Court should permit this matter to be submitted to mediation, prior to the commencement of discovery. Defendants believe that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition.

7. <u>Initial Disclosures</u>: Plaintiff wishes that if parties are unable to reach settlement during mediation, then the provisions of Rule 26 shall commence to take effect. Defendants wish to dispense with initial disclosures.

8.  <u>Discovery</u>: The Defendants request 180 days to complete discovery. Plaintiff requests 270 days to complete discovery as some witness have retired and it may be difficult to locate them. However, in view of parties desire to try to resolve this dispute through mediation (see parts 4 and 5 above), plaintiff ask the Court to stay discovery to allow them to engage in mediation with the assistance of a Magistrate Judge. The parties agree to limit the number of depositions to 10 per side. Defendants request that interrogatories be limited to 25 per side, pursuant to Fed. R. Civ. P. 33(a). Plaintiff requests 40 interrogatories per side because the claims involve multiple promotions. Due to sensitive personal and/or medical information that may be exchanged, the parties may seek a protective order.

9.  <u>Experts</u>: Plaintiff does anticipate the use of expert testimony and that deposition of all of experts occur following the completion of all other discovery. The defendants believe that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.

10. <u>Class Action Procedures</u>: Plaintiff reserves right to amend for class if necessary. Defendants believe this is not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The parties do not propose at this time that this case be bifurcated into an entitlement phase and a damages phase.

12. <u>Proposed Date For The Pretrial Conference</u>: Plaintiff requests that the Court set a pretrial date after mediation and after the resolution of dispositive motions. Defendants request that a pretrial conference be scheduled once the Court has resolved Defendants' anticipated post-discovery motion for summary judgment.

13. <u>Trial Date</u>: The parties agree that a trial date should be set at the pretrial conference.

14. <u>Other Matters</u>: There are no related cases pending before this Court at this time.

Respectfully submitted,

*Valda Johnson* 9/25/06
Valda Johnson
Pro Se Plaintiff
(703) 590 - 1137

Respectfully submitted,

Can not sign Attorneys for Defendants

_____/

Kenneth L. Wainstein
D.C. Bar No. 451058
UNITED STATES ATTORNEY

_____/

Rudolph Contreras
D.C. Bar No. 434122
Assistant United States Attorney

_____/

Karen L. Melnik
D.C. Bar No. 466452
Assistant United States Attorney
      555 Fourth Street, N.W., E-4112
      Washington, D.C.  20530
      Tel. (202) 307-0338
      Fax (202) 514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALDA T. JOHNSON, )<br>3600 Tupelo Court )<br>Woodbridge, Va 22192 )<br>(703) 590 - 1137 )<br>  )<br>Plaintiff )<br>  )<br>v. )<br>  )<br>Elaine L. Chao, )<br>Chairwoman, )<br>Pension Benefits Guaranty Corp., and )<br>  )<br>Bradley Belt, (acting V. Snowbarger) )<br>Executive Director, )<br>Pension Benefits Guaranty Corp., )<br>1200 K Street, N.W., )<br>Washington, DC 20005-4026 )<br>(202) 326 -4100 )<br>Defendants. )<br>  )  | Case Number:  1:06CV00399 (EGS) |

**NOTIFICATION THAT PLAINTIFF IS CURRENTLY PRO SE; MOTION TO COURT TO REMOVE MS. MELNIK AS ATTORNEY; RESPONSE TO DEFENDANTS OPPOSITON FOR GRANTING MOTION TO INCLUDE ALL CLAIMS**

Plaintiff would like to notify the Court that *pro se* Plaintiff has not personally gotten notification of actions or orders made by the Court as they may not have been mailed to *pro se* plaintiff. Plaintiff does not have access to the electronic system.

Plaintiff would also like to notify the Court of Ms. Melnik's more than busy schedule and perhaps "conflict of interest" in this case. Ms. Melnik has mailed several motions to plaintiff with Mr. D. Montgomery's name, another plaintiff at PBGC, included. I am afraid she may not be able

-1-

to keep this PBGC case straight from the other(s). Plaintiff also believes that Ms. Melnik and the agency may seek to use Mr. Montgomery and Plaintiff against one another with respect to the handling of the settlement of the individual cases. In addition, when Plaintiff believed that Melnik and the defendants would seek mediation, but only on previous terms, Ms. Melnik instead files a motion stating no objection to dismiss the case without prejudice. Plaintiff is baffled at this action as Ms. Melnik did not express such to Plaintiff.

Plaintiff wishes to respond to defendant's opposition to including all claims. Contrary to what was expressed by defendants, the agency has failed to respond with a final agency decision or to investigate claims in PBGC EEO complaint 06-06 so stated within the 180 days. Plaintiff has not consented to delay nor has given any representative authority to do so. Therefore, claims are ripe. In addition, with regard to arbitrations, plaintiff has exhausted all forums of administrative relief made available to her. If NAGE (in acquiescence with PBGC) failed to carry forward its responsibility to make sure all arbitrations were completed, it does not reflect on Plaintiff's responsibility to seek all avenues of administrative relief. Therefore, I make motion to the Court to include all claims in this complaint.

**Respectfully Submitted,**

*Valda T. Johnson, Pro Se*
*3600 Tupelo Court*
*Woodbridge, Va. 22192*
*(703) 590-1137*

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing Motion of Plaintiff Valda T. Johnson by ~~1st class~~ Priority mail on 9/25/06, to:

Karen Melnik
U.S. ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 305-4851

*[signature: Valda Johnson]*

**Valda T. Johnson,** *Pro Se*
***3600 Tupelo Court***
***Woodbridge, Va. 22192***
(703) 590-1137