**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Valda T. Johnson,
       Plaintiff

    v.

Elaine L. Chao,
       Defendant

Civil Action No. 06-0399 (EGS/JMF)

*Amended Complaint filed 1-9-07.*

**NOTICE OF ACKNOWLEDGMENT OF APPOINTMENT OF COUNSEL**
**FOR THE LIMITED PURPOSE OF MEDIATION**

      I have received and reviewed the Court's Order of Appointment of Counsel for the Limited Purpose of Mediation, including the Guidelines for Court-Appointed Mediation Counsel attached to that Order. I understand that counsel is being appointed for the limited purpose of assisting me with the mediation process, and that I must continue to represent myself in this case with respect to matters other than mediation.

Respectfully submitted,

*Valda T. Johnson*
Signature of pro se party

*Valda T. Johnson*
Name of pro se party (printed)

*3600 Tupelo Court*
Address

*Woodbridge, VA 22192*
City     State     Zip

*(703) 590-1137*
Telephone

Dated: *10/10/2006*

RECEIVED
OCT 10 2006
NANCY MAYER WHITTINGTON, CLERK

**CLERK'S OFFICE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**WASHINGTON, DC 20001**

**October 6, 2006**

Valda T. Johnson,
        Plaintiff

        v.                              Civil Action No. 06-0399 (EGS/JMF)

Elaine L. Chao,
        Defendant

**NOTICE OF PRO BONO APPOINTMENT OF COUNSEL FOR**
**THE LIMITED PURPOSE OF MEDIATION**

To:    Valda T. Johnson
       3600 Tupelo Court
       Woodbridge, VA 22192

       As you know, the Court has issued an Order to appoint counsel for the <u>limited purpose</u> of representing you during the process of Court-sponsored mediation. You will be contacted by appointed counsel.

       You should have received from the Clerk's Office a copy of the Court's Order of Appointment. A copy is enclosed, along with the Court's Guidelines for Court-Appointed Mediation Counsel, which set out the limits on counsel's duties.

       Please review the Order of Appointment and the attached Guidelines, and, if you have not already done so, sign and return to the Court for filing the enclosed Notice of Acknowledgment of Appointment of Counsel for the Limited Purpose of Mediation.

                             NANCY MAYER-WHITTINGTON, CLERK

                             By: _____
                             Addie D. Hailstorks
                             Staff Attorney (202) 354-3370

Enclosures

**CLERK'S OFFICE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**WASHINGTON, DC 20001**

**October 6, 2006**

Valda T. Johnson,
        Plaintiff

    v.
                                  Civil Action No. 06-0399 (EGS/JMF)

Elaine L. Chao,
        Defendant

## NOTICE OF PRO BONO APPOINTMENT OF COUNSEL FOR THE LIMITED PURPOSE OF MEDIATION

To:    Valda T. Johnson
        3600 Tupelo Court
        Woodbridge, VA 22192

As you know, the Court has issued an Order to appoint counsel for the <u>limited purpose</u> of representing you during the process of Court-sponsored mediation. You will be contacted by appointed counsel.

You should have received from the Clerk's Office a copy of the Court's Order of Appointment. A copy is enclosed, along with the Court's Guidelines for Court-Appointed Mediation Counsel, which set out the limits on counsel's duties.

Please review the Order of Appointment and the attached Guidelines, and, if you have not already done so, sign and return to the Court for filing the enclosed Notice of Acknowledgment of Appointment of Counsel for the Limited Purpose of Mediation.

                    NANCY MAYER-WHITTINGTON, CLERK

                    By: _____
                    Addie D. Hailstorks
                    Staff Attorney (202) 354-3370

Enclosures

personal medical records. Please do not place them on public electronic system, or distribute MF 9/7/06

In addition
to this note,
a very detailed, confidential
letter regarding accommodations
was sent VJJ

---

Lower stress load

M.D.
180

FAIRFAX, VA 22030

DEA# BS8162769

NAME _Valda Johnson_ AGE

DATE _7/18/05_

ADDRESS

℞

a) 4 weeks medical leave
   of absence

b) After 4 weeks, further accommodate
   by working at home
   for 2 months + then
   reassess

☐ Dispense as Written    Refill ____ times    ☐ Label
☐ Voluntary Formulary Permitted

Signature of prescriber

If neither box is marked, a Voluntary Formulary product must be dispensed.



**MEIER** CLINICS

*One of the most trusted names in Christian Counseling*

August 1, 2005

To Whom It May Concern:

Re: Ms. Valda Johnson

Ms. Johnson has been seeing Ms. JoAnn Majesky since May 3, 2005 for individual psychotherapy and Dr. Emelina Santos-Ilagan since July 18, 2005 for medication management for her stress-induced depressive and anxiety disorder.

Apparently the stress at her workplace has been going on for quite sometime and has gotten to a point that it became unbearable and has overwhelmed Ms. Johnson's coping skills.

Our recommendation is for one month medical leave and afterwards return to work with reasonable accommodations for 3-6 months in order to facilitate her recovery. Her recovery can only proceed in a timely manner if she would avoid exposure to the same environment that triggered her anxiety and depressive disorder in the first place (her workplace).

It would really help her if she could work from her house all days, if not most of her work days for the first 3 months upon her return to work.

Please let us know if we can be of further help.





**PBGC**
Protecting America's Pensions

## Pension Benefit Guaranty Corporation
1200 K Street, N.W., Washington, D.C. 20005-4026

AUG 3 0 2005

Ms. Valda T. Johnson
3600 Tupelo Court
Woodbridge, VA 22192

Dear Ms. Johnson:

I have reviewed the documentation prepared by your physicians, Drs. ████████ ████████ and ████████ in support of your request to work from home for three months following your return to work from leave taken under the PBGC's Leave Transfer Program. Because you are requesting a reasonable accommodation, more detailed medical documentation is needed. Please ask Drs. ████████ and/or ████████ to read this letter and provide the following information:

1. Past, present and expected future nature, severity, and duration of your impairment, (e.g., functional limitations, symptoms, side effects of any treatments, etc.);
2. The life activity or activities that your impairment limits;
3. The extent to which your impairment limits your ability to perform the duties of your position;
4. Why you need the accommodation requested;
5. How the requested accommodation will assist you in performing the essential functions of your job, or minimize or eliminate a physical workplace barrier.

Once I've received the medical information, I will ask Dr. Neil L. Presant, M.D., M.P.H., PBGC's Occupational Health Medical Consultant, to review the medical information provided. Dr. Presant is also available to consult with Drs. ████████ and/or ████████ if there are questions. All medical information requested and received regarding your request for reasonable accommodation will be kept in confidence and will not be disclosed except as authorized or required under the Privacy Act of 1974 and the Rehabilitation Act.

For your convenience I have enclosed copies of your position description for Drs. ████████ and ████████ review.

Please provide the information to me no later than September 16, 2005. Until this information is received, reviewed and a decision made regarding your request for an

accommodation, you will be expected to return to work after your 30 days of leave unless additional leave has been requested and approved.

Sincerely,

Richard M. Lattimer, Jr.
Manager, Services Division

███████████████ **M.D.**

**FAIRFAX, VA 22030**

████████████                                    DEA# BS8162769

NAME _Valda Johnson_ AGE _____

ADDRESS _____ DATE _8/30/05_

R̸

I have recommended
extension of Mr. Johnsons
full disability by 2 more
weeks. Tentatively, she may
return to work part time
capacity on 9/19/05

☐ Dispense as Written          Refill _____ times ____

☐ Voluntary Formulary Permitted          ☐ Label

_____
Signature of prescriber

**If neither box is marked, a Voluntary Formulary product must be dispensed.**

physical
medical attached - please -
document attached - please -
public electronic system or distribute add
9/7/06

# Johnson Valda

**From:** Johnson Valda

**Sent:** Thursday, October 27, 2005 6:33 PM

**To:** Brown Marjorie

**Cc:** Pilipovich Michele; 'revjefferyjohnsonsr@msn.com'; Bernsen Stuart; Lattimer Rick; Hagans Bennie; Merkel Gerald

**Subject:** RE: Voluntary Leave Transfer Program (Valda Johnson)

Dear Marjorie,
    Good afternoon. I tried coming to your office to discuss the issue of leave and FMLA, but you would not respond to the knock on your door. I heard you moving in there, but you had your lights out and you had not signed out and you would not respond to the door. I am not sure why. That would certainly have prevented the need for the e-mail. You were there because you sent me a document on the e-mail system just a half minute before I started knocking, and you had not signed out, and it was not from your palm pilot, and I just saw you.

    Today, you presented me with a letter that seemed to have been written by HRD, but with your signature. The only thing that I would advise, with the best intentions in that advice, is that before you sign your name to a document, you should read the supporting attachments and do proper research. In the letter that you signed (most assuredly written by someone in HRD), you state FMLA is based on a serious health condition that makes you unable to perform the essential duties or functions of your position as an Actuary. However, the regulation does not state that. It defines it this way:

Serious health condition  means an illness, injury, impairment, or physical or mental condition that involves:

    (i) ....., or

    (ii) Continuing treatment by a health care provider that includes (but is not limited to) examinations to determine if there is a serious health condition
        and evaluations of such conditions if the examinations or evaluations determine that a serious health condition exists. Continuing treatment by
        a healthcare provider may include one or more of the following --

        (A) A period of incapacity of more than 3 consecutive calendar days, including any subseqent treatment or period of incapacity relating to the same
            condition, that also involves --

            (1) ,,,, or
            (2)  treatment by a health care provider on at least once occasion which results in a regiment of continuing treatment under the supervision
                of the health care provider (e.g., a course of prescription medication or physical therapy....)

Then, it states that An employee may be entitled to a total of 12 administrative workweeks of unpaid leave during any 12-month period for one or more of the following reasons:

    (1)....

    (4) A serious health condition of the employee that makes the employee unable to perform **any one or more of the essential functions of his or her positions.**

And Marjorie, that is a lot different than the letter you (or someone else) have written to me. The regulation states it make you unable to perform any **one** or more. Your letter states that it makes you unable to perform the essential duties (meaning all). That is quite different.

Then, you state that I did not give you 30 days notification. Below, I tell you and HRD that I will use FMLA to deal with the rest of the time I need for treatment, if necessary. Please look at the letter to Rick Lattimer below. You are included. If a different notification is needed, please advise. Also, please advise which leave you have or have not approved so that I will not be absent without leave.

Lastly, you state, ".....That period c̣̣  ̣pproved absence concluded on Septemb  ̣6, 2005. Since that time, management has been generous in granting work at home/flexiplace as you ha ̣̣ ̣requested." I get the same amount of flexiplace after 9/16/2005 that I got before 9/16/2005 - no more, sometimes less, and I am appreciative for that flexiplace. I am able to work without worrying about people doing things to me - like provoking me.

I appreciate all of your help in this matter

Valda.

-----Original Message-----
**From:** Johnson Valda
**Sent:** Wednesday, August 31, 2005 4:57 PM
**To:** Toothman JP; Broitman Henry; Lattimer Rick
**Cc:** Moon Kameela; Brown Marjorie; Pilipovich Michele; 'revjefferyjohnsonsr@msn.com'; Belt Bradley; Bernsen Stuart
**Subject:** RE: Voluntary Leave Transfer Program (Valda Johnson)

Dear Mr. Richard Lattimer,

This morning, I delivered to the HRD office a doctor's excuse dated August 30, 2005, for an extension of 2 weeks of full disability leave. As I was doing that, a letter from you dated August 30, 2005, yesterday, was being delivered to my home in the afternoon. I just received it. For the record, my physician advised a year of leave as accommodations because of work related stress, but I could not afford it, and I believed I could recover sooner. I also can not afford any unnecessary harassment or stress, because of your perception of what you believe should or should not be accommodated. I understand that there is one lady who has been in the leave bank for years and is still on the roll; others who have worked at home for months who suffered far less trauma. Please do not abuse your power to unnecessarily harm individuals who are trying to heal. I will carry your note to my physicians and have them provide the necessary information. I will seek legal advice as to whether it is appropriate for your profession to consult on confidential issues with my physicians. In any case, I know that others have been accommodated without this additional stress. If it will make you more comfortable, I will provide to the court all of my medical documentation and can certainly ask the court to hold in abeyance any court related matters until after the 3-6 month period requested by my physician, so that you can know that I am not trying to prevent PBGC from overloading me with work so that I can fight you in court.

Until receiving this letter, I had thought you were truly trying to help and I had considered peaceable options, but I can not tolerate continual abuse, and it has been abuse by every definition. I am trying to make a fresh start. I don't know what your intentions are. If your request is normal, please accept my apologies. If it is not, then please stop the unnecessary harassment. I have had enough of the abuse. I am a human being - same as you. If necessary, I will use FMLA to accommodate any of additional time that I need. To my knowledge, others have requested full time medical flexiplace with far less trouble and with far less serious diagnosis (broken leg) - all they needed was a doctor's excuse. Please provide equal treatment. I appreciate it.

Most Sincerely,
Mrs. Valda T. Johnson

-----Original Message-----
**From:** Johnson Valda
**Sent:** Wed 8/31/2005 10:02 AM
**To:** Toothman JP; Broitman Henry
**Cc:** Moon Kameela; Brown Marjorie; Davis Ronald; Shaw Yolanda ; Pilipovich Michele; Lattimer Rick; 'revjefferyjohnsonsr@msn.com'
**Subject:** RE: Voluntary Leave Transfer Program (Valda Johnson)

09/07/2006

# PBGC

**Pension Benefit Guaranty Corporation**
1200 K Street, N.W., Washington, D.C. 20005-4026

Protecting America's Pensions

| | | |
|---|---|---|
| DATE | : | Thursday, October 27, 2005 |
| TO | : | Valda Johnson, Actuary, BAPD/TPD6 |
| FROM | : | Marjorie Brown, Associate Division Manager, BAPD/TPD6 |
| cc | : | Gerald Merkel, Division Manager, BAPD/TPD6 |
| SUBJECT | : | Invocation of Family Medical Leave Act Entitlement |

You have requested leave without pay and invoked your Family Medical Leave Act
(FMLA) entitlement.   Since I have received no information about a seriously ill family
member, I presume your request concerns your own medical condition.  The entitlement
to take leave under FMLA is based upon documentation that you have a serious health
condition that makes you unable to perform the essential duties or functions of your
position as an Actuary.

The only medical documentation you have provided to management is a hand-written
prescription dated July 18, 2005 and an August 1, 2005 letter from Dr.
That documentation was the basis for approval of your absence from duty for a
period of 30 days in August and September, 2005.  That period of approved absence
concluded on September 16, 2005.  Since that time, management has been generous in
granting work at home/flexiplace as you have requested.

In accordance with 5 CFR 630.1202, a mental illness resulting from stress may be a
serious health condition under FMLA only if such condition requires inpatient care or
continuing treatment by a health care provider or a period of incapacity of more than 3
consecutive calendar days.   Thirty calendar days' notice for invocation of FMLA is
required, unless it is an emergency hospitalization.  Leave without pay under FMLA may
not be taken intermittently unless a health care provider determines that it is medically
necessary and management concurs.

Your request to invoke FMLA must be supported by additional, detailed, written medical
documentation, consisting of the following:

1. The date the serious health condition commenced;

2. The probable duration of the serious health condition, including whether the
   condition is chronic or continuing with an unknown duration and whether you
   are presently incapacitated and the likely frequency and duration of
   incapacity;

3. The appropriate medical facts regarding the serious health condition, as to the incapacitation, examination, or treatment required;

4. Whether intermittent leave or a part time work schedule is medically necessary and why.

For your convenience, a copy of the Federal regulations covering FMLA entitlement is attached for your doctor. Please provide the information to me as soon as possible but no later than November 26, 2005. Once the requested information is received, reviewed and a decision made, you will be notified concerning approval or disapproval of your FMLA request.

**Certification of Health Care Provider**
(Family and Medical Leave Act of 1993)

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



| *(When completed, this form goes to the employee, Not to the Department of Labor.)* | OMB No.: 1215-0181<br>Expires:     07/31/07 |
| --- | --- |

1. Employee's Name        VALDA T. JOHNSON

2. Patient's Name *(If different from employee)*

3. Page 4 describes what is meant by a **"serious health condition"** under the Family and Medical Leave Act. Does the patient's condition[1] qualify under any of the categories described? If so, please check the applicable category.

   (1) _____  (2) ✓  (3) _____  (4) _____  (5) _____  (6) _____ , or None of the above _____

4. Describe the **medical facts** which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

   Pt is being treated for mood and anxiety disorder that from time to time incapacitated the patient due to sleep deprivation, poor concentration, and low energy. The problems may have been triggered by work-related stresses.

5. a. State the approximate **date** the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present **incapacity**[2] if different):

   March 2004  —  approximate onset

   3 yrs  —  probable duration; maybe shorter if work conditions improved or more suitable

   b. Will it be necessary for the employee to take work only **intermittently** or to **work on a less than full schedule** as a result of the condition (including for treatment described in Item 6 below)?

   Yes — but maybe from time to time & not continuously and not currently. As long as work-related stress manageable

   If yes, give the probable duration:    3 yrs

   c. If the condition is a **chronic condition** (condition #4) or **pregnancy**, state whether the patient is presently incapacitated[2] and the likely duration and frequency of **episodes of incapacity**[2]:

   Currently not incapacitated but had periods and may have in future periods or episodes of incapacity lasting few days to six weeks

---

[1] Here and elsewhere on this form, the information sought relates **only** to the condition for which the employee is taking FMLA leave.

[2] "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

Form WH-380
Revised December 1999

6. a. If additional **treatments** will be required for the condition, provide an estimate of the probable number of such treatments.

*Biweekly or more (when symptoms are worse)*

If the patient will be absent from work or other daily activities because of **treatment** on an **intermittent** or **part-time** basis, also provide an estimate of the probable number of and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

*Biweekly or more (when symptoms are worse)*

b. If any of these treatments will be provided by **another provider of health services** (e.g., physical therapist), please state the nature of the treatments:

*Individual Counseling*

c. **If a regimen of continuing treatment** by the patient is required under your supervision, provide a general description of such regimen (*e.g.*, prescription drugs, physical therapy requiring special equipment):

*a'ntianxiety medication and sleep-aide*

7. a. If medical leave is required for the employee's **absence from work** because of the **employee's own condition** (including absences due to pregnancy or a chronic condition), is the employee **unable to perform work** of any kind?

*Not currently, but from time to time maybe incapacitated unable to perform work of any kind which has happened Aug. 2005.*

b. If able to perform some work, is the employee **unable to perform any one or more of the essential functions of the employee's job** (the employee or the employer should supply you with information about the essential job functions)? If yes, please list the essential functions the employee is unable to perform:

*Not currently having difficulty with performance but maybe reading appropriate reasonable accomodation from time*

c. If neither a. nor b. applies, is it necessary for the employee to be **absent from work for treatment**?

8.  a.  If leave is required to **care for a family member** of the employee with a serious health condition, **does the patient require assistance** for basic medical or personal needs or safety, or for transportation?

    b.  If no, would the employee's presence to provide **psychological comfort** be beneficial to the patient or assist in the patient's recovery?

    c.  If the patient will need care only **intermittently** or on a part-time basis, please indicate the probable **duration** of this need:



Signature _____ HD          Type of Practice _General Psychiatry_

_11200 Waples Mill Rd Suite 180_
Address
_Fairfax, VA 22030_                                Telephone Number _____

                                                   _11/04/06_
                                                   Date

**To be completed by the employee needing family leave to care for a family member:**

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

_____                _____
Employee Signature                                 Date

# PENSION BENEFIT GUARANTY CORPORATION
## Formal Complaint of Discrimination

1. Complainant's Name: Valda T. Johnson

   Home Address: 3600 Tupelo Court

   Woodbridge, VA 22192

   Home Telephone: (703) 590-1137

   RECEIVED

   2006 MAY -3 PM 5: 21

   PBGC/EEO

2. Department/Division: BAPD
   Office Telephone: (202) 326-4100 x 3481

3. Basis(es) for Complaint

   a. [✓]  Race (Specify) African American
   b. [✓]  Color (Specify) Brown
   c. [ ]  National Origin (Specify)
   d. [✓]  Sex (Specify) female
   e. [ ]  Age (Date of Birth)
   f. [✓]  Mental Disability (Specify) Anxiety Disorder
   g. [ ]  Physical Disability (Specify)
   h. [✓]  Religion (Specify) Christian Baptist
   i. [ ]  Sexual Orientation (Specify)
   j. [✓]  Reprisal (Identify earlier event and/or opposed
           practice, give date: for previous EEO activity

4. Nature of Alleged Discriminatory Action (i.e., Promotion, Selection,
   Performance, etc.) ① Promotion ② Performance ③ Denial of Leave / Flexiplace
   for Anxiety Disorder
   See attached write up
   by D. Willia

5. Please provide the reasons why you believe discrimination has
   occurred. (Continue on a separate sheet if needed.)
   Because of Race - Weiss, Merkel, Lattimer
           Color - Marjorie B, Weiss, Merkel, Lattimer
   Sex - Merkel, Lattimer ; Reprisal - all above
                                          + Hagans

6. Representative's Name: S. Bernsen
   Address: 10719 Kings Riding Way #102
            Rockville, MD 20852
   Telephone Number: (301) 509-2029 (Cell

7. Have you filed a grievance under a negotiated grievance procedure
   or an appeal to the Merit Systems Protection Board on the same
   matter(s) as described in 4 above?    Yes: _____    (No:)

   Complainant's Signature: Valda T. Johnson
   Date: May 8, 2006

--------------------------------------------------------------------
### For PBGC Administrative Use Only

Date Complaint Received:

Complaint Received By:
Title:

**TO: Ms. Valda Johnson**

**FROM: David Williams**
**EEO Specialist**

**SUBJECT:** Notice of Your Right to File a Formal EEO
Discrimination Complaint

This is to confirm that on April 25, 2006, we had our final
counseling interview about the concern(s) you brought to my
attention as EEO Counselor.

If you believe you have been discriminated against, you are now
entitled to file a discrimination complaint based on race, color,
religion, sex, national origin, physical or mental disability,
age, sexual orientation, and/or reprisal.  A copy of **Form 176,**
**Formal Complaint of Discrimination**, is attached.  If you file a
complaint, it must be in writing, signed, and delivered in person
or by mail with the following individual within 15 calendar days
after you receive this Notice.

> Lori J. Bledsoe
> EEO Manager
> 1200 K Street, NW
> Washington, DC  20005-4026

A complaint will be deemed timely if it is received or postmarked
before the expiration of the 15-day filing period, or, in the
absence of a legible postmark, if it is received by mail within
five days of the expiration of the filing period.

The complaint must be specific and include only those issues that
you specifically discussed with me, or issues that are like or
related to the issues that you discussed with me.  The complaint
must also state whether you have filed a grievance under the
negotiated grievance procedure or an appeal to the Merit Systems
Protection Board on the same issues.

If you have an attorney or any other person to represent you, you
or your representative must immediately notify the EEO Manager in
writing.  You and/or your representative will receive a written
acknowledgement of your discrimination complaint from the
appropriate agency official.

_____
Signature - EEO Counselor

_April 24, 2006_
_____
Date

Attachment (PBGC Form 176)          **PBGC Form 175 (Revised 03/20/01)**

I)    **SUMMARY OF INFORMAL RESOLUTION ATTEMPT**

January 24, 2006-John Graul, Auditor/Team Leader, stated that he has no control over Ms. Johnson's work. That he basically has no oversight over auditors and that he only makes recommendations for improvement to Gerald Merkel if the work of auditors and actuaries conflict with one another. Mr. Graul states that he has not worked with Ms. Johnson within the last three years. Further, he states he has no working knowledge of her allegations.

On February 1, 2006, Ms. Marjorie Brown, stated that she has never denied Ms. Johnson leave and that she was told to submit in her supporting medical documentation but never did. Ms. Brown stated that she did issue Ms. Johnson a letter of counsel and that she was rated based on her performance. Ms. Brown further stated that for the objective of: **Communication and Reports,** Ms. Johnson received an 'excellent (3)' rating because of inappropriate emails of which Ms. Johnson was advised of on April 29, 2005 (2nd quarter review). For the objective, **Customer Service**, Ms. Johnson received a rating of 'fully effective (2)', because of offensive, non-productive emails to external customers. Ms. Brown stated that this area was discussed with Ms. Johnson on April 29, 2005 (2nd quarter review). For objective 5 **Teamwork**, Ms. Brown stated that Ms. Johnson received a rating of 'excellent (3)' for the same reasons as aforementioned. Ms. Brown stated that she advised Ms. Johnson that she is to focus on the message and not the person sending the emails as well as try to ignore certain aspects that may cause her (Ms. Johnson) to prejudice their message or intent of her messages to customers. Ms. Brown stated that Ms. Johnson was further advised to strive to use tact in relating to others. Ms. Brown stated that Ms. Johnson was issued a letter of counsel on October 27, 2005, via email and a hard copy of the letter of counsel was placed in an envelope and left in her chair. Ms. Brown stated that it was not retaliatory in any way. Ms. Brown stated that she believes that Ms. Johnson has already made a recent certification of eligibility.

On February 1, 2006, Mr. Gerald Merkel, stated that Ms. Brown was on FMLA leave with donated leave and was off for about 6 weeks (August – September 05). Mr. Merkel stated that she received about 80 hours of donated leave from her mother (Labor Department) and more from her mother's friend, also employed at the Department of Labor. Mr. Merkel stated that as soon as the donated leave was exhausted, Ms. Johnson returned back to work and asked to work part-time. Mr. Merkel stated that he and Ms. Brown approved her request to work 2 days non-consecutively, per week on flexi-place. Mr. Merkel stated that this was the same schedule she was on before her extended leave (August – September 2005) and was the same schedule when she returned to work. Mr. Merkel stated that her leave request after she returned back to work, to either work from home on a part-time basis, or under the FMLA, was never denied initially. Mr. Merkel stated further, that Ms. Brown asked Ms. Johnson to provide the requested supporting medical

documents but to date, never received it. Regarding Ms. Johnson's performance appraisal, Mr. Merkel stated that Ms. Brown rated her and that he agreed with it. Mr. Merkel stated that the rating Ms. Johnson received was fully documented to support the rating. Further, that Ms. Johnson has made every certificate of eligibility for every position she's ever applied for and does not think that the excellent rating she received will negatively affect whether Ms. Johnson makes a certificate of eligibility or not. Regarding the letter of counsel issued by Ms. Brown to Ms. Johnson, Mr. Merkel stated that Ms. Johnson received an electronic letter of counsel from Ms. Brown. He stated that HRD wrote the letter of counsel but was signed by Ms. Brown. Mr. Merkel stated that Ms. Johnson spoke with him about the letter of counsel and he told her to set up a meeting with him on Outlook but she never did. Mr. Merkel stated that he always bends over backward to help Ms. Johnson with her inventory and that in fact, Ms. Johnson gets cases for technical review.

## SUMMARY OF INFORMATION GIVEN TO AGGRIEVED PERSON/AGENCY BY COUNSELOR:

Resolution of this complaint was not accomplished. Based on Ms. Johnson's list of resolution items, her management staff advised me that they would not be willing to raise her rating to 'outstanding' nor rescind the letter of counsel. Complainant was given a Notice of Right to File a Formal Complaint of Discrimination on

.David Williams
**Name of EEO Counselor**

**Counselor's Signature**

**Telephone Number**

Date 4/25/06

EEO Counseling Form 4 (7/24/96)

**PENSION BENEFIT GUARANTY CORPORATION**
**EEO Counselor's Report**

**A)    AGGRIEVED PERSON**

Name: Valda Johnson

Job Title/Series/Grade:

Place of Employment:

Work Phone No:            ext      Home Phone No:

Home Address:

**B)    CHRONOLOGY OF EEO COUNSELING**

Date of Initial Contact: October 24, 2005

Date of Initial Interview: January 9,2006

Date of Alleged Discriminatory Event: 8/31/2005; 10/26/2005; 10/2005;11/02/2005

45th Day After Event: December 19, 2005

Reason for delayed contact beyond 45 days, if applicable:    NA

Date Counseling Report Requested: April 25, 2006

Date Counseling Report Submitted: April 25, 2006

**C)    BASIS(ES) FOR ALLEGED DISCRIMINATION**

1) [x ] Race (Specify) African-American/Native -American

2) [x ] Color (Specify)  Black/Light Brown

3) [  ] National Origin

4) [x ] Sex (Female)

5) [  ] Age (Date of Birth)

6) [x] Mental Disability (Specify)

7) [ ] Physical Disability (Specify)

8) [√] Religion (Christian)

9) [x] Retaliation (Past and present participation in the EEO process

## ALLEGATIONS OF DISCRIMINATION:

Issue 1:  Ms. Johnson states that on August 3, 2005, in a letter signed by R. Lattimer, HRD denied MS. Johnson's doctor's request for her to work from home on a full-time basis.  Ms. Johnson states that in October 2005, she subsequently requested from her management staff (Marjorie  Brown, Gerald Merkel, and Bennie Hagans) to be able to work from home, work part-time, or be placed on leave under the FMLA, of which all were denied.  Ms. Johnson further states that Ms. Brown first advised her that HRD had not approved any of her requests for accommodations and that Ms. Brown also advised her that Mr. Hagans had denied her request for further leave.  Ms. Johnson states that Ms. Brown issued her a letter from HRD, signed by Ms. Brown, stating that Ms. Johnson had to give her (Ms. Brown) a 30-day notice for a request for leave under the FMLA, and that she (Ms. Johnson) was already receiving flex-place, as if it was an accommodation.

Issue 2:  On October 26, 2005, Ms. Johnson states she was given a performance appraisal which was rated down from an outstanding rating to an excellent rating.  Ms. Johnson states that when she complained  by email to Mr. Merkel, Ms. Brown, Ms. Campbell and Mr. Hagans about her performance appraisal, she was issued an unsigned letter of counseling.  Ms. Johnson states that she found a hard copy of the unsigned letter of counseling in her chair with no knowledge of who left it.  Ms. Johnson states that she believes this act to be retaliatory for past and present   participation in the EEO process.  Ms. Johnson states that because her performance rating was lowered, her monetary award was lowered.  Ms. Johnson also states that because her performance was lowered to less than outstanding, she believes the potential exist for her to not make future vacancy certificates.

Issue 3:  Ms. Johnson states that from October 25, 2005, until present, John Graul and other management official's micro-manage her work and add additional and unnecessary work to her schedule.  She states that her work has been manipulated, taken off her desk and assigned to other employees as well as purposely expedited in an attempt to make her fail.

Issue 4:  Ms. Johnson states that on November 2, 2005, she received a letter fro HRD stating that vacancy announcement #RJ-05-0186, an Actuary position she'd earlier applied for and was determined to be qualified was canceled.  She states this action was retaliatory.

Issue 5:  Ms. Johnson states that within the last 3 weeks, her work has been manipulated and expedited so that she's unable to review other Actuaries work for technical review.  Ms. Johnson states that performing technical reviews is part of her PD.  She states further that to perform this function of her PD is career enhancing as there is a current vacancy for this function (Technical Review) that to date has not been filled.

Issue 6:  Ms. Johnson states that around December 5, 2005, she was made to participate in an internal investigation and that she believes this action to be retaliation because of her pending EEO complaints and because of her existing EEO court cases.


REMEDY REQUESTED:
Wants promotion to GS-14, retroactive to an appropriate date to be determined
Back pay from an appropriate date to be determined
Payment of medical bill; amount to be determined
Transfer from under Gerald Merkel's supervision, or for him to be transferred
Performance rating of record to be raised to outstanding
Rescission of unsigned letter of counseling
No further involvement in the internal investigation
No adverse action taken against her because of the internal investigation or its' biased findings and,
Payment of all attorney fees (To date, Ms Johnson has not retained an attorney)


F)  EEO COUNSELOR'S CHECKLIST - THE COUNSELOR ADVISED THE AGGRIEVED PERSON IN WRITING OF THE RIGHTS AND RESPONSIBILITIES CONTAINED IN THE EEO COUNSELOR CHECKLIST.  Yes

G)     SUMMARY OF COUNSELOR'S INQUIRY

Personal Contacts:
John Graul
Gerald Merkel
Marjorie Brown


H)     Documents Reviewed:
        Emails

**PENSION BENEFIT GUARANTY CORPORATION**
**Formal Complaint of Discrimination**

1. Complainant's Name: _Valda T. Johnson C6-14_    **RECEIVED**

   Home Address: _3600 Tupelo Court, Woodbridge, VA_    2006 MAY 17 22:05

   Home Telephone: _(703) 590-1137_    PBGC/EEO

2. Department/Division: _BAPD/TPD3_
   Office Telephone: _(202) 326-4100 x 3481_

3. Basis(es) for Complaint

   a. [ ✓ ]  Race (Specify) _African Am_
   b. [ ✓ ]  Color (Specify) _Brown/Black_
   c. [ ✓ ]  National Origin (Specify)
   d. [ ✓ ]  Sex (Specify) _Female_
   e. [ ✓ ]  Age (Date of Birth) _7/18/65_
   f. [ ]    Mental Disability (Specify)
   g. [ ]    Physical Disability (Specify)
   h. [ ✓ ]  Religion (Specify) _Christian/Baptist_
   i. [ ]    Sexual Orientation (Specify)
   j. [ ✓ ]  Reprisal (Identify earlier event and/or opposed
             practice, give date: _2000 - present_
             _(see counseling report #1)  EEO participation, EEO institutional_
             _grievance, representation for others (s_

4. Nature of Alleged Discriminatory Action, (i.e., Promotion, Selection,
   Performance, etc.) _Non selection of 2 position, harassment for OGC_
   _Non promotion of 2 positions  attorn_
   _Ongoing harassment, hostile work_  _Denial of certain work  checkli_
   _environment and ongoing retaliation_

5. Please provide the reasons why you believe discrimination has
   occurred. (Continue on a separate sheet if needed.)
   _Previous complaints against same_
   _mgrs, because of race, color, religion,_
   _and in retaliation for previous_
   _EEO activity_

6. Representative's Name: _S Bernsen_
   Address: _10719 Kings Riding Way #102_
   _Rockville, MD 20852_

   Telephone Number: _(301) 509-2029  cell_

7. Have you filed a grievance under a negotiated grievance procedure
   or an appeal to the Merit Systems Protection Board on the same
   matter(s) as described in 4 above?    Yes: _____  (No: ___)

   Complainant's Signature: _Valda T. Johnson_
   Date: _May 17, 2006_
   ---------------------------------------------------------------
   **For PBGC Administrative Use Only**

   Date Complaint Received: _D/Wilson_
   _EEO Spec_
   Complaint Received By: _May 17, 2006_
   Title:

## Weiss Steve

**From:**    Johnson Valda

**Sent:**    Friday, September 29, 2006 5:31 PM

**To:**    Weiss Steve; Bernsen Stuart

**Subject:** RE: PBGC Formal Cplt Nos. 06-13 and 06-14

Please let me know when we can meet to discuss the issues I have below as I requested.  thanks.

---

**From:** Weiss Steve
**Sent:** Thursday, September 28, 2006 6:15 PM
**To:** Bernsen Stuart
**Cc:** Johnson Valda
**Subject:** RE: PBGC Formal Cplt Nos. 06-13 and 06-14

Stuart:

I have reviewed the files for PBGC Formal Complaint Nos. 06-13 and 06-14 and need some additional information.

### PBGC Formal Complaint No. 06-13

In PBGC Formal Complaint No. 06-13, Ms. Johnson claims that (1) she was not selected for a promotion, (2) she was denied leave and flexiplace for anxiety disorder, (3) her performance appraisal was lowered, (4) work manipulation, and (5) manager dishonest about informal counseling.

With regard to #1, I see a mention in the counselor's report about Vacancy Announcement RJ-05-0186.  Is that the promotion that she is referencing in the formal complaint?  Are there any other promotion /non-selection incidents for this formal complaint?  Mr Williams pretended on several occasions to be confused about the announcements, though we sit with him to show him which ones they were.  I don't recall the RJ-05-0189 VACANY.

#### Actuary, GS-1510-13/14

Vacancy announcement BAPDASD-2006-0003 (open to All US Citizens) and BAPDASD-2006-0004 (open to Status Candidates) opened 12/06/05

**Position Titles:**  Actuary, GS-1510-13/14

**Location:**  Benefits Administration and Payment Department (BAPD), Actuarial Services Division (ASD)
**Opening Date:** 8/10/2005      **Closing Date:** 8/31/2005

**From:** Johnson Valda
**Sent:** Thursday, February 23, 2006 2:14 PM
**To:** Williams David
**Cc:** Bernsen Stuart
**Subject:** RE: New Vacancy Announcements!

This may or may not be premature, but I don't seem to be getting straight answers from HRD - so please add the following vacancies to my list of non-selection. Also, continued manipulation of work - with managers changing dates when contractor work come in -- and when it comes in - it isn't completed.  I received your phone call, tried to call you back, left a message, but did not hear from you.  Thanks.

#### Pension Benefit Administrator, GS-301-13/14

Vacancy announcement BAPD-TPD1-8-2006-0004 (open to PBGC Status Employees only) opened 12/09/05.

#### Actuary, GS-1510-13/14

Vacancy announcement BAPDTPD1-8-2006-0002 (open to All US Citizens) and BAPDTPD1-8-2006-0001 (open to Status Candidates) opened 11/14/05.

11/30/2006

**Actuary, GS-1510-13/14**

Vacancy announcement BAPDASD-2006-0003 (open to All US Citizens) and BAPDASD-2006-0004 (open to Status Candidates) opened 12/06/05

**Position Titles: Actuary, GS-1510-13/14**

**Location: Benefits Administration and Payment Department (BAPD), Actuarial Services Division (ASD)**
**Opening Date: 8/10/2005      Closing Date: 8/31/2005**

With regard to #2, could you explain the August 3, 2005 incident in more detail, and can you explain why she did not seek counseling for that incident within 45 days? In addition, I see in the counselor's report that Mr. Merkel and Ms. Brown asserted that she never responded to their request for supporting medical documentation. Could you respond to their assertion? Is there anything else that you would like to add about this claim?

I was on sick leave all of August into September based on Doctor's excuse. I was to stay away from workplace stressors. I tried on several occassions to give Marjorie Brown the medical FMLA form. I have e-mails. She advised that she was told not to approve any FMLA on behalf. These were orders from HRD. I documented it in an e-mail. I also have the e-mail where I advised her that I had the FMLA form. She continued to say that as long as I asked her for sick leave, I could get it approved, but that I shouldn't check the FMLA box. Rick Lattimer gave her the form letter concerning FMLA as he would not allow accommodations based on his letter dated in August. I've told Marjorie several time in February and March that I had the form to give her and she would not make herself available. I recently reminded her that I had it.

I have no questions with regard to claim #3.

With regard to #4, could you specifically identify what actions took place, who took such actions, when those actions occurred, and how Ms. Johnson was injured? Please identify all incidents that she intends to rely upon. (I have Ms. Johnson's prior email about work manipulation in connection with PBGC Formal Complaint 06-03 so do not include those incidents in this response.)

Confusion started immediately after October 2004, after I had filed my first case in District Court. I was checking work for two less senior actuaries and because they were white, they were allowed to disregard my requested changes or try to change the fact that they had incorrect work. I was bombarded with many e-mails from Daniel Lee and Elizabeth trying to provoke me because I had found a phase-in error and a lump sum error in their work. After that, the TPD would let me review Dwayne's (African American) work and pretend to give me some of Elizabeth's work, but it never materialized. I spoke to Gerry Mekel about it and he did nothing about it. Later, Gerry through Marjorie dumped Elizabeth's cases on my desk and told me not to bother her with questions. Elizabeth had gotten several of these cases from me when they came in, but because I was working on RTI, I couldn't process. Elizabeth Owens had made all of the decisions on the case. When she gave them back to me, she simply forwarded me a pile of emails, and dumping a stack of documents in my chair. There was no meeting and she refused to meet to discuss what might be happening with the plan. Several times, the contract actuaries would ask me to inquire of Elizabeth for follow-up documentation. She refused to meet stating that she had given me everything. Marjorie Brown then advised me not forward any inquiries to Elizabeth Owens, causing delays in my work. Emails to follow.

John Graul and Gerry Merkel and Sam Scarlett allowed for the manipulation of work files being archived. They continued to allow OASD under Sam Scarlett to make up fictitious problems with file claiming they could not be archived, causing deadlines to be missed. When I asked Gerry to check into it, he did nothing. In fact, when I returned from my sick leave, John Graul started to create fictitious complaints in a previous case that I had worked on. Marjorie Brown stated that she told him to "leave her alone." At that point, and that point only did John Graul cease sending messages pretending I had done work incorrectly. Marjorie agreed to take over the situation. I had filed a complaint about the selection of his wife as a GS-14 actuary on the ARIEL project. She was his girlfriend at the time, though I did not know it. I had witnessed Sam Scarlett in Gerry and John's offices several times immediately before these instances occurred. This continued from January 2005 - August 2005. They were trying to set me up to put me on a PIP, though I was getting my work completed.

Also, dates for meetings and field trips were somehow scheduled to conflict with my Court dates for mediation.

After returning from sick leave, cases continued to be expedited.

I have forwarded David Williams and or Bledsoe. Please let me know if you are unable to get the remainder of this information from them. Please let me know by October 31, 2006.

11/30/2006

With regard to #5, could you elaborate on what the claim is? Please identify the specific incident, who took such action, when the action occurred and how Ms. Johnson was injured. Please identify all incidents that she intends to rely upon.

The claim according to M. Brown was never formal, though she accused me of things I had not done. She wrote very vague language but cited no incidents. She later said she did not sign it and thus it was not really counseling. I have documentation from 5/1/2006 quarterly with Brown. Please let me know when you'd like to pick it up.

## PBGC Formal Complaint No. 06-14
I'd like to inform you that your account of complaint 06-14 is incorrect as written. There were three announcements here.

In PBGC Formal Complaint No. 06-14, Ms. Johnson claims that (1) non-selection of two positions, (2) non-promotion of two positions, (3) denial of certain work, (4) harassment for OGC attorney checklist, (5) ongoing harassment, (6) hostile work environment, and (7) ongoing retaliation.

With respect to #1 and #2, in the file, I see five Vacancy Announcements (BSPD-ASD-2006-0004, BAPDASD-2006-003, BAPDTPD1-8-2006-0001, IODASD-2006-002, and IODTPD1-8-2006-004). Could you identify which announcements are for claim #1 and which are for claim #2? It also appears that she was selected for the fifth Vacancy Announcement (BAPDTPD1-8-2006-001). If that is correct, then could you elaborate on your claim, in particular describing how she was harmed in connection with that position? Not promoted to the 14 level. See selections in question. See email below

From: Johnson Valda
Sent: Thursday, February 23, 2006 2:14 PM
To: Williams David
Cc: Bernsen Stuart
Subject: RE: New Vacancy Announcements!

This may or may not be premature, but I don't seem to be getting straight answers from HRD - so please add the following vacancies to my list of non-selection. Also, continued manipulation of work - with managers changing dates when contractor work can come in -- and when it comes in - it isn't completed. I received your phone call, tried to call you back, left a message, but did not hear from you. Thanks.

Pension Benefit Administrator, GS-301-13/14

Vacancy announcement BAPD-TPD1-8-2006-0004 (open to PBGC Status Employees only) opened 12/09/05.

Actuary, GS-1510-13/14

Vacancy announcement BAPDTPD1-8-2006-0002 (open to All US Citizens) and BAPDTPD1-8-2006-0001 (open to Status Candidates) opened 11/14/05.

Actuary, GS-1510-13/14

Vacancy announcement BAPDASD-2006-0003 (open to All US Citizens) and BAPDASD-2006-0004 (open to Status Candidates) opened 12/06/05

Position Titles: Actuary, GS-1510-13/14

Location: Benefits Administration and Payment Department (BAPD), Actuarial Services Division (ASD)
Opening Date: 8/10/2005      Closing Date: 8/31/2005

With respect to #3, could you specifically identify what actions took place, who took such actions, when those actions occurred, and how Ms. Johnson was injured? Please identify all incidents that she intends to rely upon.

**It is listed with David Williams. Job enhancing wor k taken from my desk given to Elizabeth Owens - Ongoing from 4/1/2006 to 8/2006.**

After I complained, I told Elizabeth about it and asked her not to do it. She then complained trying to accuse me of lack of courtesy (Email to follow)

I have no questions with regard to claim #4.

11/30/2006

With regard to claims #5, #6, and #7, please specifically identify each incident that took place, who took such action, when the actions occurred, and how Ms. Johnson was injured. Please identify all incidents that she intends to rely upon. In addition, there is a notation on the formal complaint to "see counseling report #4." It is not clear to me where you are referring to in the Counselor's Report. Could you clarify? **CONTINUING FROM aPRIL 2006 to September 2006 - Elizabeth Owens conspiring with certain actuaries to take away my job and work assignments. Taking assignments that I was to have reviewed and doing it herself - Copperweld plans. Then dumping her assignments on me and going on vacation during crunch time. I am not clear about your last three sentences. Perhaps we should meet to confer** 

Finally, let me apologize for the delay in processing these complaints, as well as PBGC Formal Complaint No. 06-03. Nevertheless, I am now in a position to work on Ms. Johnson's case and need this additional information as soon as possible, but no later than October 6, 2006. Any delay in providing this information may delay processing of these complaints or result in dismissal of those claims that lack specificity. If you have any questions, please feel free to contact me via email or at x3727.

**Johnson Valda**

| | |
|---|---|
| **From:** | Johnson Valda |
| **Sent:** | Friday, December 08, 2006 11:22 AM |
| **To:** | Weiss Steve |
| **Cc:** | Bernsen Stuart; Bledsoe Lori |
| **Subject:** | RE: 06-13 and 06-14 |

This in no way implies that I've agreed to any change or extension to deadline requirement. My participation is preventive so the EEO office can't say I would not cooperate.

| | |
|---|---|
| **From:** | Weiss Steve |
| **Sent:** | Wednesday, December 06, 2006 3:17 PM |
| **To:** | Johnson Valda |
| **Subject:** | RE: 06-13 and 06-14 |

good. i'll see you there.

| | |
|---|---|
| **From:** | Johnson Valda |
| **Sent:** | Wednesday, December 06, 2006 1:16 PM |
| **To:** | Weiss Steve |
| **Cc:** | Bernsen Stuart; Bledsoe Lori; Williams David |
| **Subject:** | Accepted: 06-13 and 06-14 |
| **When:** | Friday, December 08, 2006 11:30 AM-12:00 PM (GMT-05:00) Eastern Time (US & Canada). |
| **Where:** | ~Conf Rm 12A 1200 K (14 ppl) |

I've decided that I will be there on Friday as I have strong conviction that there should be "No Fear" in turning in a leave form for accommodation to deal with "workplace stress".

**Johnson Valda**

| | |
|---|---|
| **From:** | Johnson Valda |
| **Sent:** | Tuesday, December 05, 2006 6:54 AM |
| **To:** | Weiss Steve |
| **Cc:** | Bernsen Stuart; Bledsoe Lori; Williams David |
| **Subject:** | RE: New Vacancy Announcements! |

Steve,
    I am not sure that I should continue to participate.  You see, the results for this investigation is long overdue.  I believe your determination has already been made.  What is disturbing is how you bring in African Americans to put their "John Hancock"s on the agency's cover-up.  We could have wrapped this up in November, but you waited until the agency hired its first African American female to the position of EEO director.  The whole process is tainted and fraudulent, regardless of who signs the first page.  That makes the agency and your involvement unethical.  Who is holding you responsible?
    It cheapens the fight for Civil Rights and because so many forget, states like Washington and one other consider removing the laws for integration.  Even you, Steve Weiss, should be sensitive to the struggles.  There were gentlemen's agreements.  It wasn't that long ago.  We've all sold out and forgotten integrity.  I am sad.

---

**From:** Weiss Steve
**Sent:** Mon 12/4/2006 3:03 PM
**To:** Johnson Valda
**Cc:** Bernsen Stuart; Bledsoe Lori
**Subject:** RE: New Vacancy Announcements!

fine.  i've scheduled it on outlook

---

**From:** Johnson Valda
**Sent:** Monday, December 04, 2006 2:59 PM
**To:** Weiss Steve
**Cc:** Bernsen Stuart; Bledsoe Lori
**Subject:** RE: New Vacancy Announcements!

How about Friday at 11:30?

---

**From:** Weiss Steve
**Sent:** Monday, December 04, 2006 2:55 PM
**To:** Johnson Valda
**Cc:** Bernsen Stuart; Bledsoe Lori
**Subject:** RE: New Vacancy Announcements!

wednesday is not good for me.  how about thursday (i'm free all day so name your time)?

---

**From:** Johnson Valda
**Sent:** Monday, December 04, 2006 2:47 PM
**To:** Weiss Steve
**Cc:** Bernsen Stuart; Bledsoe Lori
**Subject:** RE: New Vacancy Announcements!

I just got your VMM. I am available on Wednesday to help you with the e-mail attachments.

12/13/2006

**From:** Weiss Steve
**Sent:** Wednesday, November 08, 2006 5:18 PM
**To:** Johnson Valda
**Cc:** Bernsen Stuart; Bledsoe Lori
**Subject:** RE: New Vacancy Announcements!

Valda --

I have one more question in connection with the information that you submitted.  For Vacancy Announcements Nos. BAPDTPD1-8-2006-0001and -0002, you submitted a cover letter as proof that you submitted an application for these vacancies (these were tandem announcements).  When I checked with HRD, they confirm that you did submit an application for these announcements, and that you were one of the people selected.  If that is so, then why are you including this in support of your non-selection claim?

---

**From:** Johnson Valda
**Sent:** Thursday, October 26, 2006 6:58 PM
**To:** Weiss Steve; Bledsoe Lori
**Cc:** Bernsen Stuart
**Subject:** RE: New Vacancy Announcements!

You have to follow the logic.  I've asked about the position in Joan's group - her group is only ASD.  Her name is referenced.  There should be no question.  All of the positions in question are listed.  She said that her records were updated on a weekly basis.  So, Joan might have more up to date information on her position.  I gave her a week to respond.  That is very clear to me.

---

**From:** Cannon Gina **On Behalf Of** HRD Business Center
**Sent:** Tuesday, February 21, 2006 1:55 PM
**To:** Johnson Valda
**Subject:** RE: New Vacancy Announcements!

Valda-

I've opened a ticket for you. Gigi McDaniel will respond to your questions.


Gina F. Cannon
Pension Benefit Guaranty Corporation
Human Resources Department, Business Center
202-326-4110

> -----Original Message-----
> **From:** Johnson Valda
> **Sent:** Tuesday, February 21, 2006 1:48 PM
> **To:** HRD Business Center
> **Subject:** RE: New Vacancy Announcements!
>
> Was I selected for either of the three vacancy announcement: What is the status of the following three vacancy announcements:

## Pension Benefit Administrator, GS-301-13/14

Vacancy announcement BAPD-TPD1-8-2006-0004 (open to PBGC Status Employees only) opened 12/09/05.

## Actuary, GS-1510-13/14

Vacancy announcement BAPDTPD1-8-2006-0002 (open to All US Citizens) and BAPDTPD1-8-2006-0001 (open to Status Candidates) opened 11/14/05.

## Actuary, GS-1510-13/14

Vacancy announcement BAPDASD-2006-0003 (open to All US Citizens) and BAPDASD-2006-0004 (open to Status Candidates) opened 12/06/05.

-----Original Message-----
**From:** Cannon Gina **On Behalf Of** HRD Business Center
**Sent:** Tuesday, February 14, 2006 11:30 AM
**To:** Johnson Valda
**Subject:** RE: New Vacancy Announcements!

Well, Valda, all I can see is what is in my written reports which may be out of date...Joan would know more than the written reports - the information in them is only a snapshot on a weekly basis. This isn't a discrepancy - she just may have more up to date info than I do.

Gina F. Cannon
Pension Benefit Guaranty Corporation
Human Resources Department, Business Center
202-326-4110

-----Original Message-----
**From:** Johnson Valda
**Sent:** Tuesday, February 14, 2006 10:10 AM
**To:** HRD Business Center
**Subject:** RE: New Vacancy Announcements!

Thanks Gina. I am confused. I was told by Joan Weiss that Bruce Hartzler was coming to her shop, and I assumed it was based on the position in her shop. Please advise.

-----Original Message-----
**From:** Cannon Gina on behalf of HRD Business Center
**Sent:** Mon 2/13/2006 4:38 PM
**To:** Johnson Valda
**Cc:**
**Subject:** RE: New Vacancy Announcements!

Hi Valda-

You made both lists at both the GS-13 and GS-14 grade levels. I can see that the certificates have been issued but no selections have yet been made.

Gina F. Cannon
Pension Benefit Guaranty Corporation

Human Resources Department, Business Center
202-326-4110, ext 3173

-----Original Message-----
**From:** Johnson Valda
**Sent:** Monday, February 13, 2006 2:53 PM
**To:** HRD Business Center
**Subject:** RE: New Vacancy Announcements!

Thank you, Ms. Cannon.

Did I make the cert for either of these positions?

What is the status for these position?

-----Original Message-----
**From:** Cannon Gina **On Behalf Of** HRD Business Center
**Sent:** Thursday, January 26, 2006 3:13 PM
**To:** Johnson Valda
**Subject:** RE: New Vacancy Announcements!

Valda-

I can see your name listed under both announcements at both the GS-13 and GS-14 levels.

Gina F. Cannon
Pension Benefit Guaranty Corporation
Human Resources Department, Business Center
202-326-4110, ext 3173

-----Original Message-----
**From:** Johnson Valda
**Sent:** Thursday, January 26, 2006 3:01 PM
**To:** HRD Business Center
**Subject:** RE: New Vacancy Announcements!

Yes, I did. Thanks for the clarification.

-----Original Message-----
**From:** Cannon Gina **On Behalf Of** HRD Business Center
**Sent:** Thursday, January 26, 2006 2:48 PM
**To:** Johnson Valda
**Subject:** RE: New Vacancy Announcements!

Hi Valda-

The online announcements provide an email acknowledgement that your application has been received. No additional letter of receipt is generated. However, when the position is filled and the announcement closed out, the non-selected candidates do receive a final letter.

Since we have transitioned to mostly online announcements, we no longer send the hard copy letters that your application was received like we used to with the "paper" announcements. The date-stamped copy you have is for your supplemental documents, correct? - since the actual application is no longer submitted in hard copy.

We can always check the system for you to make sure your application has gone through. Did you apply for both of the announcements listed below or just one of them?

Gina F. Cannon
Pension Benefit Guaranty Corporation
Human Resources Department, Business Center
202-326-4110

-----Original Message-----
**From:** Johnson Valda
**Sent:** Thursday, January 26, 2006 1:21 PM
**To:** HRD Business Center
**Cc:** Lattimer Rick
**Subject:** RE: New Vacancy Announcements!

I have not been notified that you've received my application for this vacancy. I have a stamped copy.

-----Original Message---

**From:** HRD Business Center

**Sent:** Tuesday, December 06, 2005 3:03 PM

**To:** ALL PBGC

**Subject:** New Vacancy Announcements!

# *Check out these new announcements!*

You can view all open announcements on the PBGC Intranet at:

http://intranet/human_resources/vacancy_announcemer

**Actuary, GS-1510-13/14**

Vacancy announcement BAPDASD-2006-0003 (open to All US Citizens) and BAPDASD-2006-0004 (open to Status Candidates) opened 12/06/05.

**IT Specialist (DATAMGT), GS-2210-13/14**

12/13/2006

Vacancy announcement OIT-2006-0011 (Open to all US Citizens) and OIT-2006-0010 (open to Status Candidates) opened 12/06/05.

-----Original Message-----
**From:** HRD Business Center
**Sent:** Friday, December 09, 2005 3:25 PM
**To:** PBGC Federal
**Subject:** New Vacancy Announcements!

# *Check out these new announcements!*

You can view all open announcements on the PBGC Intranet at:

http://intranet/human_resources/vacancy_anno

### Pension Benefit Administrator, GS-301-13/14

Vacancy announcement BAPD-TPD1-8-2006-0004 (open to PBGC Status Employees only) opened 12/09/05.

### Management and Program Analyst, GS-343-13/14

Vacancy announcement BAPDOASD-2006-0003 (open to PBGC Status Employees only) opened 12/09/05.

-----Original Message-----

**From:** HRD Business Center

**Sent:** Tuesday, December 06, 2005 3:03 PM

**To:** ALL PBGC

**Subject:** New Vacancy
Announcements!

## *Check out these new announcements!*

You can view all open announcements
on the PBGC Intranet at:

http://intranet/human_resources/vacancy

### Actuary, GS-1510-13/14

Vacancy announcement BAPDASD-
2006-0003 (open to All US Citizens) and
BAPDASD-2006-0004 (open to Status
Candidates) opened 12/06/05.

### IT Specialist (DATAMGT), GS-2210-13/14

Vacancy announcement OIT-2006-0011
(Open to all US Citizens) and OIT-2006-
0010 (open to Status Candidates)
opened 12/06/05.

-----Original Message-----

**From:** HRD
Business Center

**Sent:** Tuesday,
December 06,
2005 3:03 PM

**To:** ALL PBGC

**Subject:** New
Vacancy
Announcements!

## *Check out these new announcements!*

You can view all open announcements on
the PBGC Intranet at:

http://intranet/human_resources/vacancy_

12/13/2006

**Actuary, GS-1510-13/14**

Vacancy announcement BAPDASD-2006-0003 (open to All US Citizens) and BAPDASD-2006-0004 (open to Status Candidates) opened 12/06/05.

**IT Specialist (DATAMGT), GS-2210-13/14**

Vacancy announcement OIT-2006-0011 (Open to all US Citizens) and OIT-2006-0010 (open to Status Candidates) opened 12/06/05.

## Johnson Valda

**From:** Johnson Valda
**Sent:** Friday, September 29, 2006 5:34 PM
**To:** Weiss Steve
**Subject:** FW: Voluntary Leave Transfer Program (Valda Johnson)

---

**From:** Johnson Valda
**Sent:** Thursday, October 27, 2005 6:33 PM
**To:** Brown Marjorie
**Cc:** Pilipovich Michele; 'revjefferyjohnsonsr@msn.com'; Bernsen Stuart; Lattimer Rick; Hagans Bennie; Merkel Gerald
**Subject:** RE: Voluntary Leave Transfer Program (Valda Johnson)

Dear Marjorie,
    Good afternoon. I tried coming to your office to discuss the issue of leave and FMLA, but you would not respond to the knock on your door. I heard you moving in there, but you had your lights out and you had not signed out and you would not respond to the door. I am not sure why. That would certainly have prevented the need for the e-mail. You were there because you sent me a document on the e-mail system just a half minute before I started knocking, and you had not signed out, and it was not from your palm pilot, and I just saw you.

    Today, you presented me with a letter that seemed to have been written by HRD, but with your signature. The only thing that I would advise, with the best intentions in that advice, is that before you sign your name to a document, you should read the supporting attachments and do proper research. In the letter that you signed (most assuredly written by someone in HRD), you state FMLA is based on a serious health condition that makes you unable to perform the essential duties or functions of your position as an Actuary. However, the regulation does not state that. It defines it this way:

Serious health condition means an illness, injury, impairment, or physical or mental condition that involves:

    (i) ....., or

    (ii) Continuing treatment by a health care provider that includes (but is not limited to) examinations to determine if there is a serious health condition
        and evaluations of such conditions if the examinations or evaluations determine that a serious health condition exists. Continuing treatment by
        a healthcare provider may include one or more of the following —

        (A) A period of incapacity of more than 3 consecutive calendar days, including any subseqent treatment or period of incapacity relating to the same
            condition, that also involves --

            (1) ,,,, or
            (2) treatment by a health care provider on at least once occasion which results in a regiment of continuing treatment under the supervision
                of the health care provider (e.g., a course of prescription medication or physical therapy....)

Then, it states that An employee may be entitled to a total of 12 administrative workweeks of unpaid leave during any 12-month period for one or more of the following reasons:

    (1)....

    (4) A serious health condition of the employee that makes the employee unable to perform *any one or more of the essential functions of his or her positions.*

And Marjorie, that is a lot different than the letter you (or someone else) have written to me. The regulation states it make you unable to perform any *one* or more. Your letter states that it makes you unable to perform the essential duties (meaning all). That is quite different.

Then, you state that I did not give you 30 days notification. Below, I tell you and HRD that I will use FMLA to deal with the rest of the time I need for treatment, if necessary. Please look at the letter to Rick Lattimer below. You are included. If a different notification is needed, please advise. Also, please advise which leave you have or have not approved so that I will not be absent without leave.

Lastly, you state, ".....That period of approved absence concluded on September 16, 2005. Since that time, management has been generous in granting work at home/flexiplace as you have requested." I get the same amount of flexiplace after 9/16/2005 that I got before 9/16/2005 - no more, sometimes less, and I am appreciative for that flexiplace. I am able to work without worrying about people doing things to me - like provoking me.

I appreciate all of your help in this matter

Valda.

     -----Original Message-----
     **From:** Johnson Valda
     **Sent:** Wednesday, August 31, 2005 4:57 PM
     **To:** Toothman JP; Broitman Henry; Lattimer Rick
     **Cc:** Moon Kameela; Brown Marjorie; Pilipovich Michele; 'revjefferyjohnsonsr@msn.com'; Belt Bradley; Bernsen Stuart
     **Subject:** RE: Voluntary Leave Transfer Program (Valda Johnson)

     Dear Mr. Richard Lattimer,

     This morning, I delivered to the HRD office a doctor's excuse dated August 30, 2005, for an extension of 2 weeks of full disability leave. As I was doing that, a letter from you dated August 30, 2005, yesterday, was being delivered to my home in the afternoon. I just received it. For the record, my physician advised a year of leave as accommodations because of work related stress, but I could not afford it, and I believed I could recover sooner. I also can not afford any unnecessary harassment or stress, because of your perception of what you believe should or should not be accommodated. I understand that there is one lady who has been in the leave bank for years and is still on the roll; others who have worked at home for months who suffered far less trauma. Please do not abuse your power to unnecessarily harm individuals who are trying to heal. I will carry your note to my physicians and have them provide the necessary information. I will seek legal advice as to whether it is appropriate for your profession to consult on confidential issues with my physicians. In any case, I know that others have been accommodated without this additional stress. If it will make you more comfortable, I will provide to the court all of my medical documentation and can certainly ask the court to hold in abeyance any court related matters until after the 3-6 month period requested by my physician, so that you can know that I am not trying to prevent PBGC from overloading me with work so that I can fight you in court.

     Until receiving this letter, I had thought you were truly trying to help and I had considered peaceable options, but I can not tolerate continual abuse, and it has been abuse by every definition. I am trying to make a fresh start. I don't know what your intentions are. If your request is normal, please accept my apologies. If it is not, then please stop the unnecessary harassment. I have had enough of the abuse. I am a human being - same as you. If necessary, I will use FMLA to accommodate any of additional time that I need. To my knowledge, others have requested full time medical flexiplace with far less trouble and with far less serious diagnosis (broken leg) - all they needed was a doctor's excuse. Please provide equal treatment. I appreciate it.

     Most Sincerely,
     Mrs. Valda T. Johnson

-----Original Message-----
From: Johnson Valda
Sent: Wed 8/31/2005 10:02 AM
To: Toothman JP; Broitman Henry
Cc: Moon Kameela; Brown Marjorie; Davis Ronald; Shaw Yolanda ; Pilipovich Michele; Lattimer Rick;
'revjefferyjohnsonsr@msn.com'
Subject: RE: Voluntary Leave Transfer Program (Valda Johnson)

     Mr. Toothman,

     Thank you for your confirmation. I note as of the pay stub from last Friday that 192 hours were donated. 80 have
been used for that pay period; 80 will be used for this pay period (ending this Friday), and I have an extension from
my doctor for two additional weeks of disability. I understand that I have 32 hours for next week. Please let me
know if my total balance is 192 so that I can prepare to used Advanced Leave or Leave without pay for the last
week. I will bring the doctor's slip to you shortly. Many thanks.

     Valda.

        -----Original Message-----
        From: Toothman JP
        Sent: Monday, August 15, 2005 2:11 PM
        To: Johnson Valda; 'Johnson, Esther - ETA'; Broitman Henry
        Cc: Moon Kameela; Brown Marjorie; Davis Ronald; Shaw Yolanda ; Pilipovich Michele; Lattimer Rick
        Subject: RE: Voluntary Leave Transfer Program (Valda Johnson)
        Importance: High

        Valda - This is to confirm that HRD has received faxed donation forms from the all the individuals you have
        identified in your email below. Kameela will in tomorrow. If you any further questions, please give her a call
        on extension 3205.

             -----Original Message-----
             From: Johnson Valda
             Sent: Monday, August 15, 2005 1:37 PM
             To: Johnson, Esther - ETA; Broitman Henry
             Cc: Moon Kameela; Brown Marjorie; Davis Ronald; Shaw Yolanda ; Toothman JP; Pilipovich Michele;
             Lattimer Rick
             Subject: RE: Voluntary Leave Transfer Program (Valda Johnson)

        I am not sure that the forms need to be sent again, unless someone from HRD advises. I just
        wasn't getting a confirmation. So, I called HRD and both Kameela and Henry are out of the
        office. However, I have included their supervisors - Mr. Toothman, etc. - who may be able to
        confirm the receiving the faxes and forms. In addition to the 80 hours from you (Dr. Esther R.
        Johnson), I have received donations from the Department of Labor from :

           1. Miranda Key - 40 hours
           2. Crystal Woodard - 16 hours
           3. Tyrone Wells - 40 hours

        Mr. Toothman, can you confirm receiving the donations.
          Thank you for your help.

             -----Original Message-----
             From: Johnson, Esther - ETA [mailto:Johnson.Esther@dol.gov]
             Sent: Mon 8/15/2005 1:20 PM
             To: Johnson Valda; Broitman Henry
             Cc: Moon Kameela; Brown Marjorie; Davis Ronald; Shaw Yolanda

**Subject:** RE: Voluntary Leave Transfer Program (Valda Johnson)

They sent it to the attention of both people. Are you saying that they
did not get it?

-----Original Message-----
From: Johnson Valda [mailto:Johnson.Valda@PBGC.GOV]
Sent: Monday, August 15, 2005 1:20 PM
To: Johnson, Esther - ETA; Broitman Henry
Cc: Moon Kameela; Brown Marjorie; Davis Ronald; Shaw Yolanda
Subject: RE: Voluntary Leave Transfer Program (Valda Johnson)

Please have that person fax the information to the attention of Kameela
Moon. Do you think that it would be too much trouble to have Miranda
and Crystal fax their information to Kameela Moon since Henry is out?

    -----Original Message-----
    From: Johnson, Esther - ETA [mailto:Johnson.Esther@dol.gov]
    Sent: Mon 8/15/2005 12:47 PM
    To: Johnson Valda; Broitman Henry
    Cc: Moon Kameela; Brown Marjorie; Davis Ronald; Shaw Yolanda
    Subject: RE: Voluntary Leave Transfer Program (Valda Johnson)


    ONE ADDITIONAL DOL STAFF WILL BE DONATING LEAVE TODAY.

    -----Original Message-----
    From: Johnson Valda [mailto:Johnson.Valda@PBGC.GOV]
    Sent: Monday, August 15, 2005 12:43 PM
    To: Broitman Henry
    Cc: Moon Kameela; Brown Marjorie; Davis Ronald; Shaw Yolanda ;
Johnson,
    Esther - ETA
    Subject: RE: Voluntary Leave Transfer Program (Valda Johnson)


    Henry,
       I've just been informed that Miranda Key donated an
additional 40
    hours and Crystal Woodard donated 16 hours. I should have a
total of
    136 hours at this point. Thank you for all of your help.

    Ron and Marjorie,
       Therefore, time for last week, this week and next week should
be
    coded as donated leave - the LS instead of the combination of
donated
    and advanced leave?. Thank you for all of your help

        -----Original Message-----
        From: Broitman Henry

Sent: Fri 8/12/2005 3:59 PM
To: Johnson Valda
Cc: Moon Kameela
Subject: RE: Voluntary Leave Transfer Program (Valda
Johnson)


Yes 80 hours is what we have received

-----Original Message-----
From: Johnson Valda
Sent: Friday, August 12, 2005 3:46 PM
To: Broitman Henry
Cc: Moon Kameela
Subject: RE: Voluntary Leave Transfer Program
(Valda
Johnson)


I forgot to ask - Is 80 hours the total balance.
Please
advise and thank you very much.

-----Original Message-----
From: Johnson Valda
Sent: Fri 8/12/2005 3:13 PM
To: Broitman Henry
Cc: Moon Kameela
Subject: RE: Voluntary Leave Transfer
Program
(Valda Johnson)


Thank you. Going forward, I may require
further
accommodations. With whom shall I speak.

-----Original Message-----
From: Broitman Henry
Sent: Fri 8/12/2005 2:08 PM
To: Johnson Valda
Cc: Moon Kameela
Subject: RE: Voluntary Leave
Transfer
Program (Valda Johnson)


We are in receipt of 80 hours of
donated
leave from your mother.

Henry

-----Original
Message-----
From: Johnson, Valda
Sent: Friday, August 12,
2005
        11:51 AM
                To: Moon Kameela;
Broitman
        Henry; 'Esther Johnson'; 'Johnson.Esther@dol.gov'
                Cc: Brown Marjorie;
Davis Ronald
                Subject: RE: Voluntary
Leave
        Transfer Program (Valda Johnson)


Dear Mother,

        Henry Broitman or
Kameela
        Moon are the contacts for faxing the information on donated
leave. The
        fax number that I have for them at PBGC for HRD is (202)
326-4249. The
        telephone number is (202) 326 4000 or (202) 326-4110. The
extension for
        Kameela Moon is 3205, and the extension for Broitman is 4938.
Thank you
        so much for your help.


                Valda.


                -----Original
Message-----
                From: Moon Kameela
                Sent: Thursday, August
11, 2005
        12:15 PM

                To: PBGC Federal
                Subject: Voluntary Leave


        Transfer Program (Valda Johnson)
                Importance: High


                Valda Johnson is
covered under
        the Corporation's Voluntary Leave Transfer Program due to a
medical
        emergency.  Anyone wishing to donate leave to  Ms. Johnson

should
complete the "Leave Transfer Authorization" form (available in HRD,
Suite 120 or on JetForm under PBGC form #588). The completed form
should be turned in at the front desk of HRD.

The following employees are
currently covered under the Corporation's Voluntary Leave Transfer
Program due to a medical emergency.
Anyone wishing to donate
leave should complete the "Leave Transfer Authorization" form and return
it to the HRD front desk.

\*    Eileen Arnold

\*    Donna Beardsley

\*    Stephanie Daniel

\*    Jacquelyn Gray

\*    Beverly Hebron

\*    Lizbeth Hoffman

\*    Gloria Jenkins

\*    Joanette Smith

\*    Lisa Smith

\*    Christine Torain

\*    Jeanelle Williams

\*    Gracie Wilson

If you have any
questions or
        need assistance with this program, please call Kameela Moon
(ext. 3205).

## Johnson Valda

**From:**  Johnson Valda
**Sent:**  Friday, September 29, 2006 5:34 PM
**To:**  Weiss Steve
**Subject:**  FW: Letter of Counsel

---

**From:** Johnson Valda
**Sent:** Thursday, October 27, 2005 8:44 PM
**To:** Brown Marjorie
**Cc:** Merkel Gerald
**Subject:** RE: Letter of Counsel

Marjorie,
    Please let me know when you will have time to discuss this in person, so that I can bring a representative. I've come to discuss things with you several times today (including a few minutes ago), but you could not make yourself available. I am finding that this e-mail offends me greatly and I feel that it impedes upon my first amendment rights. I also feel that I have had discourteous and unprofessional treatment from you and Gerry for quite some time. I find that this e-mail accuses me of things for which I am not guilty. I feel that you have left me with little opportunity to communicate or defend myself.

    I want to point out that I made several attempts to talk with you and Gerry about the obstacles with my work last year, and I don't feel as if I have received any support. I feel harassed, and I feel as if I am being manipulated and set up. (Note: I am stating factually how I feel)

Nothing in my e-mails since June 2005 has covered Union disputes. I have only discussed the status of the cba, which is not a Union dispute and has nothing to do with quality or character of any labor organization nor did it have anything to do with defending a claim. It asked about working conditions, which has been the content of all of my e-mails. Note that below is the what was written by Rick Lattimer: **<<Effective immediately, employees are not to use PBGC resources to prosecute or defend claims or disputes between or among employees concerning union matters of any kind involving the adequacy of representation or the quality or character of a particular labor organization, its officials or former officials.>>**

It states you can not use PBGC resources to prosecute or defend claims or disputes... It states nothing about discussing working conditions, and whether you feel harassed. I had no dispute about the cba being ratified or not.

In meetings last year, I recall that Gerry and you stated that employees and contractors have made statements about me and my work to you. I feel that you held me responsible without giving me an opportunity to defend myself. I felt my only recourse was to defend myself in writing and documenting it by e-mail. Please let me know how I can defend myself if what I say in person seems not accounted for or seems misconstrued, and I can't write it for fear? I feel that I am left without relief.

Please let me know what the status of my complaint about Dwayne's e-mails - which contains violent material.

I believe that the cba states that the proper way to counsel someone is with proper notification and an opportunity to meet with a representative? Please let me know when this can take place.

Thank you.

-----Original Message-----
**From:** Johnson Valda
**Sent:** Thursday, October 27, 2005 7:37 PM
**To:** Brown Marjorie
**Cc:** Merkel Gerald
**Subject:** RE: Letter of Counsel

What specifically was inappropriate, Marjorie?

    -----Original Message-----
    **From:** Brown Marjorie
    **Sent:** Thursday, October 27, 2005 7:33 PM
    **To:** Johnson Valda
    **Cc:** Merkel Gerald
    **Subject:** Letter of Counsel

| | | |
|---|---|---|
| DATE | : | Thursday, October 27, 2005 |
| TO | : | Valda Johnson, Actuary, BAPD/TPD6 |
| FROM | : | Marjorie Brown<br>Associate Division Manager, BAPD/TPD6 |
| CC | : | Gerald Merkel, Division Manager, BAPD/TPD6 |
| SUBJECT | : | Letter of Counsel |

Ms. Johnson, I am counseling you that your communications, in person and via electronic mail, must be in compliance with all PBGC policies and directives. In the case of e-mail, you should also be aware that the e-mail system is a PBGC resource to assist in the conduct of official business of the Corporation. Your use of e-mail must be for official purposes or conform to the limited personal use exception. I previously discussed your
e-mail communications with you during your last quarterly reviews. However, you continue to send electronic mail with inappropriate content, so I am conveying my instructions to you in writing.

Here is a summary of key policy and directive provisions regarding appropriate communication, which you may access in their entirety on the Intranet:

(a) PM 30-2, Professional Courtesy, requires that a PBGC employee be courteous and professional in dealing with other employees. It states that PBGC will not tolerate discourteous behavior and other forms of incivility which constitute unprofessional behavior and unacceptable conduct.

(b) PM 30-3, PBGC Equal Employment Opportunity and Affirmative Employment Program, states that a work environment is to be free from all forms of harassment. Harassment is verbal or physical conduct that has the purpose of creating an intimidating, hostile, or offensive work environment. This includes the use of slurs, negative stereotyping, and threatening, intimidating or hostile acts that denigrate an individual.

(c) The June 16, 2005 Memorandum to All PBGC Employees and Contractors on Inappropriate Use of PBGC Resources by the Chief Management Officer states that employees are

not to use PBGC resources, such as electronic mail, to prosecute or defend claims or disputes between or among employees concerning union matters. It also reminded employees that it is PBGC policy to promote and maintain a work environment free from harassment, intimidation or other disruptive behavior.

In electronic mail messages over the last several months, you have made statements to co-workers and contract employees or about them to management officials, which have been unprofessional, discourteous, offensive, intimidating, and denigrating. I am also concerned that some of your e-mails contain negative stereotyping. You have questioned an individual's personal integrity and moral authority or accused others of dishonest or incompetent behavior. Some e-mails have covered union disputes, sent since the June 16, 2005 memorandum which prohibited such use. You have directed such communications to me and other management officials, up to and including the Executive Director, demonstrating disrespect, discourtesy and attempted intimidation. A list of representative examples, from April through October, is attached.

In the future, I expect your communications to be professional and courteous in all respects. Communications should comply with the references cited above, and in order to do so, here are some guidelines:

(a)    Send e-mails only to members of the team assigned to a specific case. Do not cc: or bcc: extraneous individuals.

(b)    If you need to communicate with me, do not send copies to others outside of TPD6.

(c)    References to a person's religion, racial or ethnic background, or membership in a group, are inappropriate.

(d)    Accusations or statements implying that someone's motive or conduct is improper are discourteous and inappropriate.

(e)    Address any allegations of a violation of law or directive, such as an equal employment matter, to the person having responsibility for processing that type of complaint. Do not send copies and repetitions of the allegation to any other person, as it is intimidating, discourteous and disrespectful to do so.

(f)    Your communications must deal with facts related to furtherance of the mission of the Corporation. Any other commentary or statement of your personal beliefs and conclusions are not the official business of PBGC. Using the PBGC e-mail system for conveying personal beliefs is not appropriate.

(g)    You are expected to follow electronic mail directions from management officials without negative or accusatory interrogations in response.

(h)    Your communication with co-workers and contractors must be factual.

(i)    The tone of your communications with everyone, including me, must be courteous and respectful.

When in doubt if a non-factual comment would be considered a violation of this letter or directives cited, it would be best for you to stick with the facts related to the accomplishment of the PBGC mission and those facts alone.

Examples of Your Past Inappropriate E-Mail Messages:

| | |
|---|---|
| April 8, 2005,   11:04 am | to Marjorie Brown, Gerald Merkel, Bradley Belt |
| April 8, 2005,   12:48 pm |  to Marjorie Brown |
| April 18, 2005, 1:49 pm | to Samuel Scarlett, Scott Kelly |
| May   2, 2005, 10:15 am | to Gerald Merkel |
| June 22, 2005, 3:28 pm |  to Iris Frye |
| July 20, 2005, 11:20 am and 11:28 am to Yumiko DeCarli | |
| July 20, 2005, 12:04 pm | to Marjorie Brown |
| July 20, 2005, 12:13 pm | to Marjorie Brown, Richard Petta |
| July 22, 2005, 11:01 am | to Darryl Smith, Morgan Murray, Elizabeth Owens |
| July 25, 2005,  11:51 am |  to Marjorie Brown |
| October 13, 2005, 10:30 am | to Marjorie Brown |
| October 18, 2005, 12:59 pm | to Bradley Belt |
| October 21, 2005, 1:26 pm | to Rhonda Baird, Michele Pilipovich, Bradley Belt |
| October 24, 2005, 4:04 pm | to Marjorie Brown |
| October 25, 2005, 4:28 pm | to Gerald Merkel |

## Johnson Valda

**From:** Johnson Valda
**Sent:** Friday, September 29, 2006 5:33 PM
**To:** Weiss Steve
**Subject:** FW: Formal Complaint against Elizabeth Owens

---

**From:** Campbell Candace
**Sent:** Tuesday, August 01, 2006 8:42 AM
**To:** Johnson Valda
**Subject:** RE: Formal Complaint against Elizabeth Owens

I stopped by to see you yesterday. If you will be in the office today, I will come back by.

-----Original Message-----
**From:** Johnson Valda
**Sent:** Monday, July 31, 2006 5:36 PM
**To:** Campbell Candace
**Cc:** Pitman Jeanette; Brown Marjorie; Hagans Bennie; Owens Elizabeth
**Subject:** Formal Complaint against Elizabeth Owens

Ms. Campbell,
   What would be the best time for you to attend a meeting for this complaint

      -----Original Message-----
      **From:** Johnson Valda
      **Sent:** Sun 7/30/2006 11:22 AM
      **To:** Pitman Jeanette; Campbell Candace
      **Cc:** Pitman Jeanette; Brown Marjorie
      **Subject:** RE: Office Space

   In addition to the corrections I have below:

      1. I made an effort at the BAPD to show her that we were a team. I mentioned her name in the
      speech. She seemed a little agitated, but was cordial. A week later, in a different team meeting, she
      stated that she and I need documents to do our work. Later that day, she came by my office and
      kept repeating, "I hope you don't mind that I used your name. After all, I wouldn't want to use your
      name and have others upset with you." I hadn't given it a second thought until she kept repeating it.

   I have mentioned to both Jeanette and Marjorie that I have FMLA form, signed in January of 2006, as I continue
   to see my therapist. I will be requesting 2-3 weeks off rather than just the week and a half that I intended for
   August. I shared with Jeanette that something a bit unjust had happened to me last week and caused some
   insomnia. She was very polite about that situation. I need to go home and visit my grandma, and try to figure
   out what I missed in Sunday School. Why did I believe that the world was a much better place than what some
   folks in church mentioned. I will work this week and finish up testing. I will finish up RTI as I promised you,
   and then I need to get away. I am tired of being USED, and I will not suffocate my views on equality in the
   workplace.

      -----Original Message-----

12/13/2006

**From:** Johnson Valda
**Sent:** Sat 7/29/2006 10:52 PM
**To:** Pitman Jeanette; Campbell Candace
**Cc:** Pitman Jeanette; Brown Marjorie
**Subject:** RE: Office Space

Dear Candy,

This is a formal complaint against Elizabeth Owens. I lodge it after first going to the EEOC, going to Marjorie, and going to Elizabeth and politely asking her to let me do mÿ job. I am not sure what all her motivation is and I am not sure who is putting her up to do what she does, but I would certainly be happy to share with you what my thoughts about the situation are. Quite frankly, I am getting tired of her insults.

1. I have worked overtime, and I have worked on travel, while others were having sushi in order to help TPD-3 make their goals. I really am trying. I had to stay up until 12:00 (trying to play catch up) while in Montreal, because I did not get the full set of plan documents on the case until I asked one of the contractors for them.

2. I had been in the TPD for almost 2 months, before I was told that there were weekly meetings on United Airlines. When I asked Elizabeth to let me do my job and set up the training, she said I had not been to the meetings, and so she should handle the actuarial part of it. Candy, how could I attend meetings that I had no knowledge of at the time.

3. I shared with you about a month ago that actuaries in the TPD suddenly wanted to not have their work checked. Elizabeth brought up the whole issue in a team meeting upon her arrival, as if to say that I didn't need to review the work. I've looked through the archives of case memos in Joan's office. They all have two signatures.

4. I was assigned the two Copperweld plans. Before I could work with anyone on it, Elizabeth had taken the case and started to review it - for over 2 months. I said nothing. In a meeting 3 weeks ago, I sit in Marjorie's office with Elizabeth stating that I had been assigned to review the Copperweld Shelby case. She debated with me for over 5 minutes that Bob should review it and that Kimberly would do it. I repeated that I had been assigned the case. The next day she took the case and started the review. I said nothing, except that I would simply do a high level review. She then met me in the hall and starting mocking me stating that " I heard you did all of this work in Montreal on all of these cases - Smith and Davis and RTI; do you really want to review Copperweld? I mean management is going to let me sign the other case alone..." I said nothing.

5. I then proceeded to help Steve get started on Ameripool. I had discussed with Marjorie and the team the approach on how we would proceed. Since Anthony was the teamleader, I continued to work with the contractor team to set up a meeting to get the work completed. I was asked numerous times about the status when I had already given the team the status. I then proceeded to set up a meeting with the contractor and Steve. Elizabeth proceeded to question the work in front of the contractors. So, I suggested that we have a meeting with the PBGC team. She continued to question the actions in front of the contractors.

6. She has this way of coming to ask me a question, as if to negate me. When I give her an answer, she'll come back and say, "Oh, I spoke with Ken and he said something else." She came to me once, asked me about an npvf function in ACT. When I showed how she could used principles of interest to come up with the factor from scratch to test to see which formula it was and later asked if it help, she said "Oh, I spoke with Nicole and she helped me."

7. This week I had sent a message with comments on a case to management and the actuarial contactor and the actuary who had done the initial review. When I mentioned that the case was assigned to Anthony, she said that Marjorie had asked up to follow up on the case. I had already sent Marjorie the case write up and status.

I think that it would be really important for us to meet and discuss the differences in the two postions so that we all hear the same message. I think that professional courtesies go both ways, and quite frankly, I get tired of being insulted on a weekly basis.