UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALDA JOHNSON<br><br>    Plaintiff,<br><br>v.<br><br>ELAINE L. CHAO, Secretary of Labor,<br><br>And<br><br>BRADLEY D. BELT, Executive<br>   Director, Pension Benefit<br>   Guaranty Corporation<br><br>    Defendant. | Case No. 1: 06CV00399 (EGS) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Elaine L. Chao, Secretary of Labor, and Vincent K. Snowbarger, Interim Director of the Pension Benefit Guaranty Corporation ("PBGC"), (together "Defendant"), through counsel, hereby answer the Amended Complaint filed by Plaintiff Valda Johnson, as follows:

### First Defense

Plaintiff fails to state a claim against the Defendant upon which relief can be granted.

### Second Defense

Plaintiff has failed to exhaust her administrative remedies as required by law.

### Third Defense

Defendant's actions with respect to the claims asserted in the Complaint were in full compliance with applicable law and regulations.

<u>Fourth Defense</u>

The Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

<u>Fifth Defense</u>

Even if Plaintiff's allegations were true, they would not amount to a hostile work environment or to a claim cognizable under *Brown v. Brody,* 199 F.3d 446 (D.C. Cir.1999).

<u>Sixth Defense</u>

Plaintiff's claims are barred by the applicable statutes of limitation.

<u>Seventh Defense</u>

Plaintiff's claims are barred by the sovereign immunity of the United States.

<u>Eighth Defense</u>

Defendant's statements regarding Plaintiff are true, or at the least, Defendant's opinions.

<u>Ninth Defense</u>

Plaintiff has entered into agreements with the Defendant settling her claims.

<u>Tenth Defense</u>

Plaintiff has waived her rights to challenge Defendant's actions by virtue of the National Association of Government Employees ("NAGE") Local R7-88, and by agreeing to submit her claims to binding arbitration.

Defendant responds to the numbered paragraphs of the Complaint as follows:

**Introduction**

1. Paragraph 1 of the Complaint states conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

**Jurisdiction**

2. Paragraph 2 contains Plaintiff's jurisdictional statements, which Defendant denies.

<b><u>Venue</u></b>

3.      Defendant admits that the factual predicate for this matter occurred within the District of Columbia.

<b><u>Parties</u></b>

4.      Defendant admits the allegations contained in Paragraph 4.

5.      Defendant admits the allegations contained in Paragraph 5, except that Bradley Belt, who was PBGC's Executive Director (the head of the agency), has been replaced since the filing of the complaint by Vincent K. Snowbarger, who is now Interim Director, in accordance with section 411(d) of the Pension Protection Act of 2006, Pub. L. No. 109-280 (Aug. 17, 2006).

<b><u>Statement of Facts</u></b>

6.      Defendant admits that Plaintiff is an African-American female, employed as a GS-1510-13 actuary in PBGC's Benefits Administration and Payment Department ("BAPD") and that Plaintiff held actuarial positions in BAPD's predecessor organization, the PBGC's Insurance Operations Department, Trusteeship Divisions 3 and 6.  Defendant admits Plaintiff has been at this grade level since October of 1997 and has been rated Outstanding for the last five years. Defendant admits that Plaintiff, for a time, served as the President of the NAGE Local R3-77, prior to the Local's trusteeship and her suspension from the Union for misconduct.  Defendant is without information sufficient to admit or deny the Plaintiff's claim with regard to her representational duties as Union President.  Defendant denies the remainder of Paragraph 6.

7.      Defendant admits that Plaintiff's employment application reflects the information alleged in Paragraph 7, regarding her education and prior work experience prior to working for PBGC. Defendant is without information sufficient to admit or deny Plaintiff's allegations characterizing her credentials as an actuary, the reputation of her former employers, or her prior work

experience.

8.  Defendant admits, subject to Defendant's Answer to Paragraph 6.  Defendant denies any involvement in Plaintiff's suspension from the union, and notes that Plaintiff's allegations of bad faith and acquiescence were rejected by Judge Ellen Segal Huvelle.  *See* Memorandum Opinion in *Johnson v. Holway*, No. 03-2513 (D.D.C., *slip op.* dated July 21, 2006).

9.  Defendant admits that Plaintiff filed, on behalf of Union members, an institutional grievance against PBGC, and that the grievance was addressed in an arbitration.  Defendant denies sentence 2 of this paragraph.  Defendant admits Plaintiff was in EEO counseling, but is without information sufficient to admit or deny Plaintiff's allegations in sentences 3-7 of this paragraph regarding Plaintiff's reasons for pursuing the institutional grievance.  Defendant further denies Plaintiff was "retaliated against" or was "ostracized and denied promotions."  Defendant admits Plaintiff met with PBGC's then Chief Management Officer ("CMO"), but is without information sufficient to admit or deny Plaintiff's allegations concerning the content of the discussions in the meeting discussed in sentences 8-10 of this paragraph.  Defendant is without information sufficient to admit or deny Plaintiff's allegations in sentences 10-20 of this paragraph, but denies that PBGC retaliated, discriminated, or acquiesced with the National NAGE Union against Plaintiff to destroy Plaintiff's career opportunities, her mental stability, opportunities for justice and/or ruin her reputation in violation of Title VII of the Civil Rights Act.  Defendant admits Joseph Grant was EEO director after John Seal, but is without information sufficient to admit or deny Plaintiff's allegations in sentences 21-30 regarding minorities, alleged PBGC "studies," Plaintiff's mental or physical health, or issues related to Plaintiff's family.  Defendant denies the remainder of Paragraph 9.

10.  Defendant admits that Plaintiff filed suit in the U.S. District Court for the District of

Columbia in October, 2004, case no. 1:04CV01848, and appended a copy of that complaint to the instant Complaint. Defendant admits that Plaintiff has received adverse rulings from the EEOC, the latest of which was on December 8, 2005. The remainder of this paragraph states conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

11. Defendant admits that Plaintiff applied for one or more positions and was not selected for those positions. Defendant admits that Plaintiff took medical leaves of absence, but denies the balance of Paragraph 11.

12. Defendant admits that on February 1, 2006, PBGC's then EEO Director, Vincent K. Snowbarger, issued a final agency decision finding that Plaintiff had not been subjected to discrimination or a hostile work environment as alleged in her formal complaints, PBGC Formal Complaint Nos. 04-09 and 04-10. Defendant further states that the final agency decision speaks for itself with regard to Plaintiff's allegations concerning the decision's content, and Plaintiff's conclusions of law which require no response. Defendant is without information sufficient to admit or deny Plaintiff's allegations with regard to PBGC employee, Dwayne Jeffers, including any conversations Plaintiff may have had with Mr. Jeffers. Subject to Defendant's responses to Paragraphs 9-11, Defendant denies the remainder of Paragraph 12.

## Statement of Claims

13. Defendant incorporates its responses to Paragraphs 6-12. Defendant denies that it discriminated or retaliated against Plaintiff.

14. Paragraph 14 states conclusions of law, which require no response. To the extent that a response is required, the allegations are denied.

15. Paragraph 15 states conclusions of law, which require no response. To the extent that a

response is required, the allegations are denied.

16.     Paragraph 16 states conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

**Defamation**

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Paragraph 18 states conclusions of law, which require no response. To the extent that a response is required, the allegations are denied.

18.a    Defendant admits that Plaintiff was on medical leave, and that Richard Lattimer, an employee of HRD, asked Plaintiff to submit documentation of her medical condition. All of Plaintiff's other allegations in Paragraph 18.a are denied.

18.c    Defendant admits that Plaintiff took a lateral position with promotional opportunity at PBGC. All of Plaintiff's other allegations in Paragraph 18.c are denied.

**Deprivation of Constitutional Rights to Free Speech, Association, Assembly, Petition, Due Process and Equal Protection**

19.     Paragraph 19 states conclusions of law, which require no response. To the extent that a response is required, the allegations are denied.

**Prayer for Relief**

The allegations contained in paragraphs (a) through (g) following paragraph 19 of the Complaint and paragraphs (h) through (k) of Plaintiff's Amended Complaint constitute the Plaintiff's prayer for relief and as such require no answer. To the extent an answer is deemed required, Defendant denies the allegations.

**Jury Demand**

Plaintiff has demanded a trial by jury in the instant case. Plaintiff is not entitled to a jury

trial on any claim alleging negligence on the part of the Defendant, including defamation.

Defendant hereby denies each and every allegation of the Complaint not otherwise specifically admitted herein to be true.

Wherefore, having fully answered, Defendant respectfully requests this Court to deny plaintiff all relief requested, dismiss this action with prejudice, grant defendant its attorneys fees and costs, and award Defendant all such other and further relief as may be appropriate.

        Respectfully Submitted,

        _____
        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney

        _____
        _____
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

        _____
        KAREN L. MELNIK, D.C. Bar # 436452
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W.
        Washington, D.C. 20530
        Tel: (202) 307-0338
        Fax: (202) 514-8780
        E-mail: Karen.Melnik@usdoj.gov

        JUDITH R. STARR, General Counsel
        PHILIP HERTZ, Deputy General Counsel
        TIM CALLAGHAN, Assistant General Counsel
        RAYMOND M. FORSTER, D.C. Bar # 411801
        STEPHEN E. WILLIAMS, D.C. Bar # 262097

        Pension Benefit Guaranty Corporation   .
        1200 K St., N.W., Rm 11111
        Washington, D.C. 20005-4026
        Tel: (202) 326-4400 ext. 3514
        Fax: (202) 326-4122
        E-mail: williams.steve@pbgc.gov

## CERTIFICATE OF SERVICE

  I certify that on this 1st day of February, 2007 the foregoing "Answer to Amended Complaint" of the Pension Benefit Guaranty Corporation was served on Plaintiff via first-class mail to:

        Valda Johnson
        3600 Tupelo Court
        Woodbridge, VA 22192

        _____
        KAREN L. MELNIK, D.C. Bar # 436452
        Assistant United States Attorney